Hall *v.* Southmayd.

---

## HALL *vs.* SOUTHMAYD.

Where a complaint stated, in substance, that the defendant was indebted to the plaintiff in the sum of $300, for the use and occupation of certain lands therein described, being the property of the plaintiff, for and during a specified period, for which the plaintiff claimed $300; *Held*, bad on demurrer.

An action for use and occupation is founded on contract, express or implied, and lies only when the relation of landlord and tenant exists.

*It seems* that the forms of the common counts in the former action of indebitatus assumpsit are allowed under the code, particularly if changed so as to state the cause of indebtedness, by direct averments.

The mode of pleading facts discussed.

A complaint which merely alleges that the defendant is indebted to the plaintiff in a certain sum, is not sufficient.

DEMURRER to complaint. The complaint was as follows: "The complaint of the plaintiff shows to the court, that the defendant is indebted to the plaintiff in this action, in the sum of three hundred dollars and interest thereon, from and after the 16th day of May, in year 1847, for the use and occupation of certain lands and tenements, being the property of the said plaintiff," (describing them,) "for and during the following years, to wit, commencing on or about the month of May, in the year 1841, and including the remainder of the year 1841, and the years

Hall *v.* Southmayd.

1842, 1843, 1844, 1845, 1846, and until the 16th day of May, 1847, being about six years in all, for which the plaintiff claims the said sum of three hundred dollars with the interest thereon as aforesaid, for which principal sum and interest, the plaintiff demands judgment against the said defendant."

To this complaint the defendant demurred, specifying the following causes of demurrer : "1st. It does not state facts, but matter of law. 2d. It does not set up any promise, express or implied, on the part of defendant. 3d. It does not show that defendant ever occupied the plaintiff's premises. 4th. It does not state facts sufficient to constitute a cause of action."

*B. & A. Pond,* for the defendant.

*R. C. Chase,* for the plaintiff.

HAND, J. It is not sufficient to allege that the defendant is indebted to the plaintiff in a certain amount. ( *Wilson* v. *McHurd, MS. Hall* v. *Southmayd, MS. Cady. J.*) The cause of the debt must be stated. (*Bailey* v. *Freemen,* 4 *John.* 280. *Woodford* v. *Deacon, Cro. Jac.* 206. *Buckingham* v. *Costendine, Id.* 214. *Mayor* v. *Harre, Id.* 642. 1 *Vin.* 342. 1 *Chitty's Pl.* 300.) Whether a statement of the cause of action substantially in the form of the common counts *in indebitatus assumpsit,* is now a proper mode of pleading, seems not to be fully settled. (*Garvey* v. *Fowler,* 4 *Sandf. R.* 665. And see *Eno* v. *Woodworth,* 4 *Comst.* 253, *Bronson, J. ; Glenny* v. *Hitchins,* 4 *How. R.* 98 ; *McMurray* v. *Gifford,* 5 *Id.* 14 ; *Van Santvoord's Plead.* 150, *et seq.*) The facts no doubt must be stated. Is it sufficient under the code, if stated in the form of the common counts in assumpsit ?

In a great many cases, where a legal obligation exists, the law will imply a promise. This has been stated to be an inference or conclusion of law from the legal liability. (*Gould's Pl.* 330.) But the learned reporter of *Kinder* v. *Paris,* (2 *H. Bl.* 562, *n,*) says, that from the antecedent debt or duty, the law presumes the defendant did in fact promise to pay. And

Hall *v.* Southmayd.

Lord Holt is reported to have said, there was no such thing as a promise in law. (*Parkins* v. *Wollaston,* 6 *Mod.* 131.) A sale of goods, or loan of money, from their nature, necessarily import a promise, and a consideration; a mutual contract. (*See notes to Osborne* v. *Rogers,* 1 *Saund. R.* 264, 6*th ed.; Victor* v. *Davies,* 1 *M. & W.* 758; *Emery* v. *Fell,* 2 *T: R:* 28; *Glenny* v. *Hitchins,* 4 *How.* 98.) But in those cases in which the promise is implied merely from the legal liability, may the pleader omit all allegation of promise? Would not that be very little more than pleading the evidence? Is not the promise a necessary fact? A. has performed labor for B., without any express contract or promise to pay, but under circumstances that may authorize a jury to presume a promise; is no promise to be alleged? If put upon the ground of an implied promise, the law makes no distinction, in pleading, between an express and an implied contract. (*Kinder* v. *Paris,* 2 *H. Bl.* 563, *n. Chitty on Cont.* 19.) And can the jury find there was a contract, if none is alleged? In a suit for articles furnished to the wife, may the pleader merely state the facts from which he contends the law will imply assent or authority? Or if furnished to a wife who had been expelled his house, by the husband, without cause, is the suit no longer on a contract? In the great number of cases in which presumptions of law or fact arise upon the evidence of other facts and circumstances, are the latter alone to be pleaded? For example; if the existence of insanity is relied upon to impeach a deed given in 1853, is it sufficient to allege that the grantor was insane in 1850, and rely upon the maxim, *semel furibundus semper furibundus presumitur;* and can the jury, upon such pleading, find the deed void? Or, if they find insanity in 1850, can the court, upon this presumption of law, adjudge it void? So with presumptions of fact, would it be approved pleading, if the defendant in ejectment should simply answer that the plaintiff and defendant were tenants in common, and the latter ousted the former more than twenty years before suit, and has had exclusive use ever since? Could he ask the jury to find a conveyance, and have judgment upon proof of this plea? Should he

Hall *v.* Southmayd.

not deny the plaintiff's title; or set up title in, or conveyance to himself; or insist upon adverse possession for twenty years; and not merely detail the facts or evidence from which a con‑ veyance may be presumed? I am aware of the diversity of opinion existing on the subject of pleading facts according to their legal effect. (*Van Sant. Pl.* 146, 161, 236. *Whit. Pr.* 158, *et seq.*) In causes not to be tried by a jury, and especially those purely equitable, a reasonable liberality in the manner of stating facts may be admissible. And in many other cases, it may be also proper to set out written contracts, &c. But it is admitted that facts, and not evidence, must be pleaded. And where a trial by jury is a matter of right, and particularly if the subject matter of the pleading is not a written instrument, I fear there will be difficulty in forming proper issues for trial, unless, as a general rule, facts are pleaded according to their legal effect. If all notion of an implied promise is to be dis‑ carded, and that class of cases can be and are hereafter to be put upon some dogmatical principle of legal liability, it will be found that the change in our system is not confined to the remedy. But if from the facts intended to be proved, it may be presumed that the defendant did promise, it seems to me, a promise should be stated. The averment is not a fiction of pleading, but a statement of a fact, which may be proved by presumptions of fact arising from other circumstances shown on the trial.

The code has abolished "all the forms of pleading heretofore existing," but has not forbidden the use of the same language, when it best gives a plain and concise statement of the facts constituting the cause of action. If all the cases of executed contracts, and of implied promises, are to be placed upon the same footing as open and executory contracts, the code has re‑ vived a great deal of special pleading. If the common counts are yet allowed, it is a different question whether the plaintiff can prove every cause of action under them, that might have been proved in assumpsit.

These forms obtained sanction, when great attention was paid to logical pleading, and maintained their place for a long

period. (1 *Saund. R.* 269, *n. a*, 2.   2 *Stra.* 933.   1 *Chitty's Pl.* 300.) However, I have some doubt whether, under the code, the *cause of indebtedness* should not be more directly stated than in the old forms. With perhaps this exception, I think it is competent for the plaintiff, in a proper case, to use, in substance, this mode of stating his cause of action.

And the common count in assumpsit was applicable to use and occupation. (*Wilkins* v. *Wingate*, 6 *T. R.* 62.   *Stroud* v. *Rogers, Id.* note.   *King* v. *Fraser*, 6 *East*, 348.   1 *Saund. R.* 203, *n. c.*) But this complaint does not state a cause of action, even under those counts. An action for use and occupation is founded upon contract, express or implied, and lies only where the relation of landlord and tenant exists. (*Croswell* v. *Crane*, 7 *Barb.* 203.   *Bancroft* v. *Wardwell*, 13 *John.* 489. *Osgood* v. *Dewey, Id.* 240.   *Smith* v. *Stewart*, 6 *Id.* 46. 1 *Wend.* 134.   *Chitty on Cont.* 331.   *Taylor, L. & T.* § 636. 1 *R. S.* 748.) Title in the plaintiff, and use and occupation by the defendant, are not enough. For certain purposes, the occupation of land is deemed to be under and in subordination to the legal title. (2 *R. S.* 293.) But it does not appear by this complaint that the defendant held under the plaintiff. All the facts stated may be true, and there be no relation of landlord and tenant. The demurrer is sufficient in form.

There must be judgment for the defendant, with leave to amend on the usual terms.

Judgment for defendant.

[Essex Special Term, January 3, 1853. *Hand*, Justice.]