## THOMAS JENNINGS *v.* JAMES ALEXANDER.

O. W. B. hired certain premises, of which the plaintiff's assignor was owner and landlord, and O. R. B. became surety for the rent. O. W. B. having died, O. R. B. took possession of the premises, and sub-let to the defendant. The plaintiff's assignor having assented to this by taking an order of O. R. B. on the defendant for his rent, and having refused to substitute the defendant as his tenant in place of O. R. B., *held*, that he could not recover for rent of the defendant, the under-tenant, although there was some evidence of an express promise on his part to make a partial payment in settlement, there being no evidence of O. R. B.'s 'assent to such payment.

No action can be maintained by the lessor against an under-tenant upon the lessee's covenant to pay rent.

Nor can an action be maintained for use and occupation, unless there is an agreement for the use of the premises, express or implied, between the plaintiff and defendant.

APPEAL by defendant from a judgment of the Marine Court. This action was brought by the plaintiff as assignee of one Charles S. Roe, to recover rent.

Charles S. Roe was the owner of premises No. 406 Sixth avenue. At the time he became the owner of the premises they were leased to one O. W. Burnham—O. R. Burnham being surety on the lease. O. W. Burnham died. No letters of administration were taken out, but his widow assigned the lease to O. R. Burnham, the surety, who took possession, and subsequently leased to the defendant. The plaintiff's assignor, C. S. Roe, collected a part of the rent for the quarter previous to that for which this action is brought, by obtaining from O. R. Burnham an order on the defendant therefor. And it appeared by the testimony of C. S. Roe himself, that being asked by O. R. Burnham's agent to take the defendant as a tenant, he declined to do so, and said he knew no tenant except the surety. It was also in evidence that the defendant had paid O. R. Burnham's agent the rent sued for, $25 in cash, and the balance of $125 in his note. At the time the rent was demanded of him on the part of the plaintiff's assignor, and prior to his

Jennings v. Alexander.

payment to O. R. Burnham, he claimed some deductions on account of gas-fixtures, and damages for leakage in the roof, but offered to pay $75 to Roe in full. Judgment was rendered in the court below for the plaintiff, from which the defendant appealed.

*Augustus Prentice*, for the appellant, cited *Smith* v. *Stewart*, 6 Johns. R. 46; *Bancroft* v. *Wardell*, 13 ibid. 489.

*Alfred Roe*, for the respondent, cited *Kenada* v. *Gardner*, 3 Barb. S. C. R. 589.

BRADY, J.—There was neither privity of estate nor privity of contract between the plaintiff or his assignor and the defendant, and no action can be maintained by the lessor against an under-tenant upon the lessee's covenant to pay rent. *McFarlan* v. *Watson*, 3 Comstock, 286. And no action to recover for the use and occupation of premises can be maintained, unless there is an agreement for the use of the premises, express or implied, between the plaintiff or his assignor and the defendant. 1 R. S. 748, § 26; *Wood* v. *Wilcox*, 1 Denio, 38; *Bancroft and wife* v. *Wardwell*, 13 Johns. R. 489; *Hall* v. *Southmayd*, 15 Barb. 32. And such agreement not being by deed, if a certain rent be reserved by it, it may be used as evidence of the amount of recovery. 1 R. S., § 26, *supra;* *Williams* v. *Sherman*, 7 Wend. 109.

The defendant entered under O. R. Burnham, and not under the plaintiff, and it was necessary to show some promise, express or implied, to pay the rent to the plaintiff by the defendant, with the assent of his lessor. In that case the action could be maintained. *McFarlan* v. *Watson*, *supra*. There is, however, no proof in this case that the lessor of the defendant ever assented to any such appropriation of the rent; but there is proof that C. S. Roe, the plaintiff's assignor, and owner of the fee, expressly declined to accept the defendant as his tenant. He so states himself, and his statements are conclusive on that subject. The

defendant would be excused from payment to his lessor by proof of payment to the owner (*Peck* v. *Ingersoll*, 3 Selden's Rep. 525), for his own protection; but the evidence here does not show a state of facts to which that rule would be applicable. A mere promise by an under-tenant to pay the original lessor, without the assent of *his* landlord, even if unqualified, would not be suf-ficient to bind him; but the proof in this case is of an *offer* of about $75, and, as it would seem, *by way of compromise*.

The respondent places his right to recover on what he desig-nates the attornment of the defendant to the plaintiff's assignor, and the offer already mentioned. This position cannot be main-tained. As between the plaintiff's assignor and the lessee of his grantor, there was no necessity for any attornment, the land having been conveyed while occupied by such lessee (1 Rev. Stat. 739, § 146); but the attornment by the defendant to the plaintiff's assignor, if proved, would have been void. They were strangers, and the defendant's landlord did not consent. 1 Rev. Stat. 744, § 3. There is, however, no evidence to show that the defendant attorned to the plaintiff's assignor, and nothing in the case from which any inference in respect thereto can be drawn, except the offer referred to. That, for the reasons as-signed, is insufficient for any purpose in this action.

I do not deem it necessary to consider the proof of payment by the defendant to his landlord was such, as the conclusion is, from the views presented, that the plaintiff was not entitled to a judgment on the evidence produced.

The judgment of the court below must be reversed.