Hunt v. Wolfe.

bites a man, and the owner, having notice thereof, keeps the dog, and lets him go about, or lie at his door, an action will lie against him at the suit of a person who is bit, though it happened by such person treading on the dog's toe."

Judgment affirmed.

CHARLES H. HUNT, RECEIVER OF THE RENTS AND PROFITS OF THE REAL ESTATE OF EDWIN P. CHRISTY, DECEASED, *v.* MORTON P. WOLFE.

A tenant holding over after the expiration of his term, impliedly holds subject to all the conditions of the original letting or lease, and this presumption inures to the benefit of the heir of the lessor.

In an action for use and occupation since the death of the lessor, brought by the receiver of his estate, the complaint alleged the original lease between the defendant and his lessor, and that the former " continued to occupy the premises on the same terms and conditions," after the expiration of the term of his lease: *Held*, a sufficient averment of the relation of landlord and tenant, and implying an agreement to pay the same amount of rent reserved in the lease. *Held, further*, that it was not necessary to allege in whom the fee had vested, or who was seized of it.

A complaint, in an action for the nonpayment of rent, against a tenant of an estate, brought by its receiver, failing to show that he had notified the tenant of his appointment as such receiver or that he had demanded the rent prior to the commencement of the action: *Held*, bad, on demurrer. He ought to give notice of his appointment, in order to protect the estate from payment to the wrong party, and the debtor from treating, in ignorance of another claim, with an apparent owner.

APPEAL from an order made at special term sustaining demurrer and dismissing the complaint, and from the judgment entered thereon.

The action was brought to recover rent. The plaintiff alleged, in his amended complaint, that Edwin P. Christy, on the 20th of June, 1859, being the owner of the premises No. 102

Grand street, let the same by written lease to the defendant, for the term commencing June 20, 1859, and ending May 1, 1860, at the yearly rent of $1,000, payable monthly in advance; that the defendant took possession under the lease, and continued to occupy the premises until May 1, 1864, upon the same terms and conditions, and that the rent was reasonable for the use and occupation of said premises. That defendant had not paid any rent upon the premises since May 1, 1862; Edwin P. Christy died on 24th May, 1862, seized of said premises in fee. That an action had been commenced in the Supreme Court for the appointment of a receiver of the rents and profits of the real estate of said Christy, to act pending a certain controversy before the surrogate in regard to the probate of the alleged will of said Christy, deceased. All parties having any interest in the premises, after the death of said Christy, either as heirs, devisees, or otherwise, were made parties to said action. That the plaintiff was appointed receiver, and entered upon his duties as such on the 26th February, 1864, with power to enter into and upon said premises, and to have the possession and control thereof, and to rent the same from year to year, and to take all necessary and proper measures for the recovery of the rents and profits thereof in arrear and unpaid, and "that there is now in arrear and unpaid from the said defendant to the said plaintiff, by reason of the premises aforesaid, $1,916.59, with interest," and judgment is demanded for that sum.

The defendant demurred to the complaint, on the grounds: 1. That the complaint did not state facts sufficient to constitute a cause of action against the defendant for any claim or demand prior to 26th February, 1864. 2. That the complaint did not state facts sufficient to constitute a cause of action subsequent to that date.

At the special term judgment was ordered for the defendant on the demurrer, from which order and judgment the plaintiff appealed to the general term.

*James J. Thomson*, for appellant.

*George W. Stevens*, for respondent.

BY THE COURT.—BRADY, J.—It is alleged in the complaint that Edwin P. Christy, being seized in fee simple of the premises mentioned in the complaint, let and rented them to the defendant, by an agreement in writing, from the day named until the 1st May, 1860, at the yearly rent of $1,000, payable monthly in advance, and that the defendant entered into possession of the premises under that agreement, and continued in the occupation of them until the 1st May, 1864, upon the same terms and conditions; that is to say, at the rate of $1,000 a year, payable monthly in advance, which was a reasonable rent for such use and occupation. That Christy died on or about the 24th May, 1862. That in August, 1863, an action was commenced in the Supreme Court, by Peter Gilsey and others, against Ruth Christy and others, the parties to which were the only persons having any interest in the premises, either as heirs, devisees, or otherwise, of the said Christy, to have a receiver appointed of the rents and profits of the real estate of which the said Christy died seized, to act as such during the continuance of a certain controversy then pending before the Surrogate of the city and county of New York, in regard to the probate of the alleged will of the said Christy. That on the 23d November, 1863, an order of reference was made to appoint such receiver, the Supreme Court having acquired jurisdiction of the action and all the parties thereto, with power to enter into and upon the said premises, and to have the possession and control thereof, and to rent the same from year to year, and to take all necessary and proper measures for the recovery of the rents and profits thereof in arrear and unpaid, and that upon the filing of the report of the referee, showing a compliance with the directions of that order, the receiver named should be vested with all his rights as such receiver. And that on the 26th February, 1864, the report of the referee, appointing the plaintiff as receiver, was filed, whereupon the plaintiff entered upon the duties of his trust, and has ever since acted as such receiver. Upon these facts the plaintiff claims from the defendant rent in arrear and unpaid the sum of $1,916 $\frac{59}{100}$, but for what period, precisely, is not stated, although it is alleged that the defendant has not paid any rent due since 1st May, 1862. The defendant demurred upon several grounds, and which may be briefly stated as follows:

1. That the action of use and occupation will not lie unless the conventional relations of landlord and tenant existed.

2. That there is no averment in the complaint that any person named or referred to in it was seized of the premises on the death of Christy, or of any demise to the defendant, or that he occupied the premises by permission of any person after the death of Christy.

3. That there is no privity of contract between the plaintiff and the defendant, no averment that the latter occupied the premises by permission or by demise of the former, or that the plaintiff ever entered upon the premises after his appointment, or gave notice of his appointment, or of any attornment or request to attorn.

It is necessary to consider some of these objections. The defendant entered into possession of the premises under a written agreement, and continued to occupy upon the same terms and conditions, that is to say (following the language of the complaint), at the rate of one thousand dollars a year, payable in advance. If the complaint had omitted the last averment, the defendant by holding over after the expiration of his term, impliedly held subject to all the conditions of the agreement applicable to his new situation (*Jennings* v. *Alexander*, 1 Hilt. 154; *Osgood* v. *Davey*, 13 Johns. 240; *Story on Contracts*, § 859; *Digby* v. *Atkinson*, 4 Camp., 275; *Williams* v. *Sherman*, 7 Wendell, 109; *Hall* v. *Southmayd*, 15 Barbour, 32; *Pierce* v. *Pierce*, 25 Barbour, 243). This presumption of the common law inures to the benefit of the heir of the lessor (*Digby* v. *Atkinson, supra*), and is in accordance with the rule that the rent follows the reversion. It is also provided by statute that the heirs and personal representatives of a lessor shall have the same remedies for the nonperformance of any agreement contained in the lease, or for the recovery of rent, as such lessor might have had (1 Rev. Stat. 747, § 23). Under the old system of pleading, the form of action would have been assumpsit upon the implied promise to pay the rent, the amount of which would be determined by recourse to the lease. It may be said that the statute does not apply to a case in which the action is not upon the lease itself, but such an interpretation is neither within the

letter nor spirit of the law.    The remedy is given upon any agreement in the lease contained, and the action of assumpsit on the implied obligation rests necessarily upon the lease, without reference to which the amount of rent cannot be proved, and the implied agreement to pay it established.    It is therefore the bases of the action, and so inseparably connected with the subsequent implied promise that no recovery can be had without proving its existence.    The action is therefore substantially upon an agreement in the lease contained.    It is not, however, essential to the plaintiff's recovery that the statute should apply to the remedy sought to be accomplished in this case.    I think the allegation that the defendant continued to occupy on the same terms and conditions is an averment of a subsisting agreement by which the relation of landlord and tenant is shown, but I have treated the case as one the facts in which show an implied agreement to the same effect.    At common law debt would lie for the use and occupation, and, after the Statute of 11 Geo. II, c. 19, assumpsit, where the holding was upon an agreement, not by deed, either express or implied (Cases, *supra*).    It follows then as a legal result that a promise to pay one thousand dollars per annum being implied from the holding over by the defendant, and such promise inuring to the benefit of the heir, as the owner of the reversion, and entitled to the rents, issues, and profits of the land, and he having all the remedies for its collection which the lessor might have had, that he could maintain an action for the rent which accrued subsequent to the death of the testator Christy.    For these reasons, the objection that the action for use and occupation cannot be maintained fails, because there is an implied agreement between the defendant and the heir of Christy, or owner of the reversion, that he will pay the rent of one thousand dollars per annum, and the relation of landlord and tenant is created thereby.    There is, however, another reason why that objection cannot avail the defendant.    This is not exclusively the action contemplated by the cases relating to the remedy for use and occupation to which we have been referred.    It has been considered in reference to those cases, however, and the plaintiff's right so far sustained.    This is an action directed by a court of competent authority, which has acquired jurisdiction

of the subject-matter of the claim made herein, and of all the parties having any relation thereto or interest therein. The order of that court makes the plaintiff the representative of the heir, devisee, or personal representative, and of the person, if any other person exist, entitled to the rents of the land occupied by the defendant. He is to receive such rents as an officer of the court. He is appointed for the benefit of all parties, and the money in his hands is in *custodia legis* for whoever can make out a title to it (Edwards on Receivers, 2d edit., and cases cited, pp. 2, 3). The court itself has care of the property, therefore, in dispute, the appointment of the receiver being an equitable execution (Jeremy's Eq. Jur., 249). He was appointed in consequence of a controversy on the subject of the estate of which the premises in question form a part, and he could not allege under the circumstances with certainty in whom the fee had vested or who was seized of it, and it was not necessary that he should. It is sufficient that the seizen of the defendant's lessor is alleged, and the due appointment of a person representing all parties in interest, for the purpose, among others, of collecting the rents of the estate in arrear, which in this case would belong to the heir, inasmuch as nothing was due at the time of Christy's death. Some person, for aught that appears, has a right to such payment, and the Supreme Court has directed the plaintiff to collect them for that person. The action is, therefore, one to recover rent due, that it may, when received, be held in *custodia legis* for the benefit of the person whose claim to it may be established. The plaintiff represents that person, whether heir, devisee, or personal representative. The complaint contains for these reasons sufficient to justify this action so far as the right of the plaintiff to recover, and the obligation of the defendant to pay, is concerned, but the difficulty which the former has to encounter is the omission of any notice of his appointment or demand of the rent. The statute provides that where any lands or tenements occupied by a tenant, or the rents or profits or any other interest therein, shall be conveyed by the landlord of such tenant, the latter shall not be liable to such grantee for any breach of the condition of the demise until he shall have had notice of such grant (1 Rev. Stat. 739, § 146) ; and we have held that an action cannot be maintained

for rent due against a tenant by the grantee of his landlord prior to notice of the transfer. There is no reason why a similar rule should not be applied to the plaintiff, although that statute may not embrace him within its letter or spirit. If the commencement of the action is a sufficient notification or demand, then the defendant must pay the costs of the action on payment of the money into court, although he was not aware to whom it should have been paid, and is subjected to a penalty without default on his part. The operation of such a rule would result oppressively and cannot be adopted. There is no precedent for it that I have been able to find. As a general rule the receiver is obliged to give notice of his appointment to accomplish two objects : to protect the estate from payment to the wrong party, and the debtor from treating, in ignorance of another claim, with the apparent owner. The demurrer was properly sustained, and the judgment of the special term should be affirmed.