## JAMES CUNNINGHAM *vs.* ALBERT HORTON.

By virtue of Pub. Laws of 1863, c. 199, no tenancy at will shall be determined unless thirty days' notice in writing for that purpose is given by one party to the other, except in the cases therein enumerated.

The bringing of a suit for use and occupation is evidence tending to show that the relation of landlord and tenant subsisted between the parties.

If a landlord, without determining a tenancy at will, forcibly enter upon the demised premises ten days after rent-day, and hold them against the tenant, he thereby becomes a trespasser.

A party to whom instructions are favorable rather than otherwise, cannot be aggrieved by them.

ON EXCEPTIONS.

TRESPASS *quare clausum.*

The defendant leased by parol his store to one Patten for three years, from April 1, 1865, rent payable quarterly. In September following, the lessee assigned his interest to the plaintiff, who, in the succeeding November, assigned to one Freeman, who, in February following, reassigned to the plaintiff, who thereupon reëntered and continued in possession until the 10th of April following, when the defendant entered, in the absence of the plaintiff, removed the lock and fastened the door, which is the trespass complained of. On the 18th of April, the defendant sued the plaintiff in assumpsit for rent of the store from October next preceding up to April 10th, which the plaintiff soon paid.

Cunningham v. Horton.

This action was before the law court in 1867 (55 Maine, 33), and was sent back to be tried because the evidence of a tenancy at will was not submitted to the jury. Since that time, the case has been submitted to a jury who found for the plaintiff, and the defendant alleged exceptions.

The instructions are recited in the opinion.

*A. L. Simpson*, for the plaintiff.

*A. W. Paine*, for the defendant.

DICKERSON, J. Trespass *quare clausum*. The defendant owned the store mentioned in the plaintiff's writ, and entered and took possession of the same while the plaintiff was in the occupation of it, which is the trespass complained of.

In order to prove that he was the defendant's tenant when the alleged trespass was committed, the plaintiff, without objection, introduced a copy of the writ which the defendant sued out against him, for the use and occupation of the premises, up to the time of the trespass charged in the present suit.

The presiding judge instructed the jury that the bringing of such suit was an act, with other evidence, tending to show that the plaintiff was a tenant of the defendant during the time for which he thus claimed rent, the effect of which was to be determined by the jury.

The general principle is, that an action of assumpsit for use and occupation cannot be maintained unless the relation of landlord and tenant exists between the parties. Hence the bringing of such action has a tendency to negative the theory that the possession of the occupant was tortious, and to prove a tenancy. The instructions go to this extent only, and are clearly unobjectionable. *Cunningham* v. *Holton*, 55 Maine, 33.

A landlord cannot lawfully enter upon the demised premises of his tenant at will until such tenancy is terminated. Chapter 199, of the statutes of 1863, prescribes the mode of terminating such an estate as follows: "all tenancies at will may be determined by either party by thirty days' notice in writing for that purpose,

given to the other party, and not otherwise," except in certain specified instances, which do not include the case at bar.

This statute supersedes the mode of determining such tenancies at common law.   Its meaning is the same as if it had provided in terms that no tenancy at will shall be determined, unless thirty days' notice in writing is given by one party to the other, for that purpose, except in the enumerated cases.   A more restricted construction of the statute would not give it that comprehensive application which its broad language, " all tenancies at will," and " not otherwise," clearly imports.

The object of the statute undoubtedly was to prevent a breach of the peace, by protecting the tenant from molestation at the hands of his landlord, until he shall have had a reasonable opportunity to provide himself with other accommodations, and also, to seasonably advise the landlord of the intention of the tenant to vacate the premises, that he may engage another tenant.

The jury must have found that the plaintiff was the defendant's tenant at will when the alleged trespass was committed.   There is, indeed, no pretence that any other tenancy existed between the parties.   The defendant did not give the notice required by the statute, but forcibly entered upon the premises, and held them in defiance of the tenant's rights.   He thus became a trespasser, and is liable in this suit.

From a fair construction of the second branch of the instructions complained of, the jury might have inferred, that the defendant would have been justified in entering and holding the premises against the plaintiff, though no statute notice had been given, if the plaintiff failed to pay rent on rent-day, on demand, and the defendant entered for forfeiture ; but as the instructions, viewed in this light, were favorable to the defendant rather than otherwise, he was not aggrieved thereby, and has no valid ground of exceptions.

Upon a review of the evidence we are unable to find sufficient ground for setting aside the verdict on the motion, and the entry must be,                    *Exceptions and motion overruled.*

APPLETON, C. J.; KENT, WALTON, and TAPLEY, JJ., concurred.