ALEXANDER STEWART, Respondent, v. RUFUS PERKINS, Appellant.

## Appeal from Baker County.

AGENT.—P. being sued for the rent of an undivided interest in a water ditch, answered that he was in possession only as the agent of M. The jury found a general verdict for the plaintiff but also found a special verdict that P. was in possession as agent of M. It was error to hold P. personally liable to the plaintiff for rents due on the ditch.

The facts are stated in the opinion.

*Kelly & Reed*, for the appellant.

*I. D. Haines* and *S. Ellsworth*, for the respondent.

In 1865, W. H. Packwood, by a written lease, demised the fourteen twenty-fourths of the Clark Creek mining ditches to S. B. Morse for the term of three years, and afterwards sold his interest in the ditches to Alexander Stewart, the plaintiff. In December 1867 Morse employed Rufus Perkins the defendant to manage and attend to the ditches during his absence; he also instructed him how to dispose of the proceeds of the sales of water. Stewart, claiming that the proceeds of the ditches had not been paid to him in accordance with the terms of the lease, commenced this action against Perkins, as the person in possession of the demised premises, for the amount alleged to be due him. The defendant denied being in possession of the ditches except simply as the agent of Morse to whom he claims he is accountable for all moneys received.

The issues of fact were submitted to a jury who returned a general verdict in favor of plaintiff and assessed his damages at $565$\frac{65}{100}$, and under the direction of the court returned certain special findings of fact; and among the others appears the following:

"We find that defendant held possession of said ditches as the agent of S. B. Morse."

From these findings of fact the court found as a matter of law that the defendant was liable personally to the plaintiff for the rent of the ditches. The court also found that the general verdict for the plaintiff was inconsistent with the special verdict and should be modified to $90$\frac{50}{100}$ and rendered judgment for the plaintiff for that amount and costs. To all of which rulings of the court the defendant then and there excepted.

PRIM, J. The jury in this case to whom was submitted the issues of fact, returned a general verdict in favor of the plaintiff and returned specially at the same time that "the defendant held possession of said ditches as the agent of S. B. Morse." This special finding is inconsistent with the general verdict and should control it. The code provides that "when a special finding of facts shall be inconsistent

with the general verdict, the former shall control the latter and the court shall give judgment accordingly." (Code 192, sec. 213.) The court found as a conclusion of law that the defendants possession of said ditches as the agent of Morse was sufficient under the statute to render him accountable and liable to the plaintiff the assignee of Packwood, for the rent of the ditches.

Sections 31 and 32, page 718, of the general laws of Oregon, are relied upon to sustain this view of the case. Section 31 provides that "every person in possession of land, out of which any rent is due, whether it was originally demised in fee, or for any other estate or freehold, or for any term of years, shall be liable for the amount or proportion of rent due from the land in his possession." Section 32 provides that "such rent may be recovered in an action at law, and the deed of demise, or other instrument in writing, if there shall be any, showing the provisions of the lease may be used in evidence by either party, to prove the amount due from the defendant."

The old common law doctrine was that a rent charge could not be apportioned by the act of the landlord, on the principle that the contract was an entirety, and could not be apportioned. The objection was "that it exposed the tenant to several processes of distress for a thing which was originally entire, and he ought not to be obliged to pay his rent in different parcels, and to several landlords, when he contracted to pay one entire sum to one person."

Sections 31 and 32 of the statute heretofore referred to, were copied from sections 22 and 23 of chapter 60, of the Revised Statutes of Massachusetts. They were adopted there, to remedy a supposed defect in the old law, and to authorize an apportionment of rent in certain cases where a reversioner wishes to sell his estate in different parts, to different persons, or to make provision for his children. The Supreme Court, the highest judicial tribunal of that state, has given a judicial construction to the two sections contained in their statute. In Campbell v. Stetson, reported in 2 Metcalf, 504, Shaw, C. J., in delivering the opinion of

Stewart v. Perkins.

the court, says: "These are part of a series of provisions respecting long terms, where a rent is reserved, and where the lands out of which such rents are to issue, are to be treated as real estate, and as such may be divided and sub-divided by descent, partition, levy of execution and other-wise, with various detailed provisions in regard to terms, and the apportionment and recovery of rents. But these statutes do not declare when, and by what acts, a right to rent shall be created, vested, and transferred, but only declare how it may be recovered when it is due; that is, apportioned and recovered in an action of debt. They are intended to prescribe remedies—not to establish rights." We think it is very clear that sections 31 and 32 had no applicability whatever, to such possession of real estate as Perkins had in this case. He was not in the possession of the ditches in his own right, as the sub-lessee or assignee of Morse, the original lessee of Packwood, but was simply there as Morse's agent, employed by him to manage and control them during his absence. The possession of Per-kins was the possession of Morse, his principal, and under the plain rules of law, applicable to the relation of principal and agent, he was bound to account to him for the proceeds of the sales of water. To hold him personally liable for the rent due on the ditches to the lessor of his principal, would be contrary to every rule of common sense, as well as justice.

Therefore, we think the circuit court erred in holding that defendant was personally liable to plaintiff for the rents due him on the ditches.

Judgment reversed.