## JOHN J. CAVANAUGH *vs.* JAMES COOK.

### JULY 6, 1915.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)   Landlord and Tenant.   Ejectment.   Waiver.   Use and Occupation.*

July 27, plaintiff commenced an action of trespass and ejectment, rent due July 1, not having been paid in accordance with the terms of the lease. September 1, plaintiff commenced an action for use and occupation of the premises, from July 1 to August 1.

*Held*, that in bringing the action for use and occupation, plaintiff treated defendant as his tenant at least as to the occupation subsequent to July 27, and thereby waived the forfeiture.

*(2)   Use and Occupation.   Landlord and Tenant.*

In order that an action for use and occupation may be maintained the conventional relation of landlord and tenant must exist between the parties.

*(3)   Use and Occupation.   Ejectment.*

The action for use and occupation is founded on a contract; the action of ejectment upon a wrong; and when applied to the same period of time are wholly inconsistent with each other; since in the former the plaintiff treats the defendant as his tenant and in the latter as a trespasser.

EJECTMENT. Heard on exceptions of defendant and sustained.

JOHNSON, C. J. This is an action of trespass and eject-ment brought for possession of the ground floor and base-ment, of a building located at numbers 14 and 16 on North Main street, in the city of Providence. The plaintiff on the 3d day of May, 1912, leased said premises to the defendant for a period of five years, from the 3d day of May, 1912, to the 3d day of May, 1917, at a yearly rental of nine hundred dollars, payable in equal monthly payments of seventy-five dollars each on the first business day of each and every month. The defendant took possession under the lease. Among other provisions the lease provides: "And the said lessee for himself and for his executors, administrators and assigns, covenants with the said lessor, his heirs and assigns, that he will pay said rent at the times and in the manner aforesaid; and that in case of failure on his part to pay the same within five days subsequent to the time above specified (and it shall not be required that any demand be made for the same) or in case of failure to perform all the covenants and agreements contained in this lease on the part of the said lessee to be kept and performed, the said lessor, his heirs and assigns shall be at liberty to enter upon said premises and declare this lease at an end and take immediate possession of the premises." The rent which was due and owing on the first day of July was not paid on the date specified, nor was it paid within five days subsequent to the date it was due. The defendant testified that he sent a check for the rent July 16, 1914. The plaintiff denies having received the check. The defendant claimed that the plain-tiff's agent said he could send a check from West Harwich, Mass. The plaintiff testified that the plaintiff's agent had no authority to make extensions and only had authority to receive the rent.

On July 27, 1914, the plaintiff commenced this action of trespass and ejectment against the defendant. July 31, 1914, the plaintiff commenced an action of covenant against

the defendant for the rent due on July 1, 1914, under the terms of the lease. On August 5, 1914, a writ of mesne process was issued auxiliary to the process of July 31, 1914. On September 1, 1914, the plaintiff commenced an action of the case for use and occupation of the premises and the declaration in the last named action was one consisting of the common counts in assumpsit.

On August 5, 1914, the defendant tendered the plaintiff all moneys due him to date, including costs and expenses. This was refused and after the return to court of the writs in the actions of covenant, and of assumpsit for use and occupation, the defendant filed in each case a plea of tender and paid into court $82.70 in the action of covenant, and $75.00 in the action for use and occupation.

Both said actions are still pending in the district court of the sixth judicial district.

In the case at bar the defendant submitted to decision for the plaintiff for possession and costs in the district court of the sixth judicial district on September 15, 1914, and claimed a jury trial and gave bond under the statute, to pay rent which may become due pending action. The case was tried before a justice of the Superior Court with a jury October 27, 1914, and at the conclusion of the testimony the justice presiding directed the jury to return a verdict for the plaintiff. The defendant excepted and the case is before this court upon the defendant's bill of exceptions, containing the exception to the direction of a verdict for the plaintiff and other exceptions taken during the trial.

We will first consider the defendant's exception to the action of the justice presiding, in directing a verdict for the plaintiff. Did the evidence show that the plaintiff was entitled to possession of the premises in question? We think the evidence did so show, unless the action in assumpsit for use and occupation brought September 1, 1914, constituted a waiver of the forfeiture. The declaration in said action is, "for that the defendant on the first day of September, 1914, being indebted to the plaintiff in the sum of seventy-five dollars on book account, according to the

account hereunto annexed, in consideration thereof then and there promised," &c. There was no account annexed. "And also, for that the defendant . . . on the day of the date of the plaintiff's writ, being justly indebted to the plaintiff in one other sum of $100." Then follow the usual common counts in assumpsit, including the count for "use and occupation of a certain messuage or tenement of the plaintiff, situate at said Providence by the said defendant at his request; and by permission of the plaintiff for the space of . . . months before then elapsed, used, occupied and enjoyed," and closing with the allegation of a promise in consideration thereof to pay the plaintiff said sums of money, &c.

The writs in the cases above referred to dated, respectively, July 31, 1914, and September 1, 1914, were introduced in evidence by the defendant. Arthur Cushing, attorney for the plaintiff, stated that he desired to "take the stand and explain about the commencement of these two suits." He was sworn and testified: "The first action was an action of covenant commenced to recover the rent from the month . . . that was payable the first of July and due before any forfeiture or breach under the lease, and was commenced under the lease in furtherance of the lease. The second case was not commenced under the lease at all, but was commenced as an action of assumpsit for use and occupancy for the premises by Mr. Cook subsequent to forfeiture." This testimony is simply confirmatory of the language of the declaration itself showing that the action is one for use and occupation; it also serves to identify the messuage or tenement mentioned in the declaration with the premises of which possession is sought in the case at bar.

The attorney for the plaintiff testified that the action brought September 1 was for use and occupation up to August 1. The amount named in the writ as due on book account, but with no account filed therewith, was $75. The amount named in the common counts was $100 and the *ad damnum* was $100. The amount which would be due as rent August 1, but for the forfeiture, would be $75 for the

time from July 1 to August 1. The amount sued for was not large enough to cover also the period from August 1 to September 1, the date of the writ. The attorney testified: "We wouldn't be entitled to sue until the second of September for anything that had accrued in the month of August I take it." We think it is a necessary conclusion that the action in assumpsit brought September 1, 1914, was for use and occupation from July 1 to August 1, 1914. A part of said period was subsequent to the date of the commencement of this action in trespass and ejectment, July 27, 1914. What is the effect of said suit on the case at bar?

That the acceptance by a landlord of rent which accrues after the breach of a condition contained in the lease is a waiver of the right to declare a forfeiture of the lease and reënter because of such breach, provided the acceptance was with full knowledge upon the part of the landlord of the fact of the breach and all the circumstances thereof, is entirely settled.

"A mere demand for rent accruing after the occurrence of the ground of forfeiture, or an action to recover rent accruing after such date is a waiver of the right to terminate the tenancy as well as an acceptance of rent, but it is not a waiver when the demand or action relates to rent which accrued before the ground of forfeiture existed." 24 Cyc. 1363.

"Any act of the lessor done with knowledge of a cause of forfeiture by the lessee, affirming the existence of the lease and recognizing the lessee as his tenant, is a waiver of such forfeiture." 24 Cyc. 1360; *Brooks* v. *Rogers,* 99 Ala. 433; *Williams* v. *Vanderbilt,* 145 Ill. 238; *Webster* v. *Nichols,* 104 Ill. 160.

The action brought September 1, 1914, shown in evidence in the case at bar is not specifically for rent, but is for use and occupation. "In order that an action for use and occupation may be maintained, the conventional relation of landlord and tenant must exist between the parties. This element is indispensable both at common law and under statute." 12 Ency. Pl. & Pr. 844.

Speaking of this action in 2 Taylor, Landlord and Tenant, § 636, the author says: "Although the law will generally imply a contract to pay a compensation for the use and occupation of any premises, yet the possession of a mere trespasser will not sustain this action. It lies indeed only where the conventional relation of landlord and tenant subsists between the parties, founded on an agreement express or implied."

In *Cunningham* v. *Horton,* 57 Me. 420, 421, the court says: "The general principle is, that the action of assumpsit for use and occupation cannot be maintained unless the relation of landlord and tenant exists between the parties. Hence, the bringing of such action has a tendency to negative the theory that the possession of the occupant was tortious, and to prove a tenancy." To the same effect are: *Dalton* v. *Laudahn,* 30 Mich. 349, 350; *Dudding* v. *Hill,* 15 Ill. 61, *Newby* v. *Vestal,* 6 Ind. 412; *Aull Savings Bank* v. *Aull,* 80 Mo. 199; *Hall* v. *Southmayd,* 15 Barb. 32; *Stewart* v. *Fitch & Boynton,* 31 N. J. L. 17; *Lockwood* v. *Thunder Bay River Boom Co.,* 42 Mich. 536.

In 2 Taylor, Landlord and Tenant, § 635, the author says: "In this action the landlord recovers not *rent,* but an equivalent for the rent, that is to say, a reasonable satisfaction for the use and occupation of the premises which have been held and enjoyed under the demise; and the rent fixed by the agreement is only used as a medium by which the damages in this form of action shall be ascertained and liquidated." In 1 Chittys Pleadings, \*p. 193, the author says: "It has been said that the lessor in ejectment may, if he please, waive the trespass, and recover the mesne profits in an action for use and occupation; but this election must be limited to the profits accruing antecedently to the day of the demise in the declaration in ejectment; for the action for use and occupation is founded on a *contract;* the action of ejectment upon a *wrong;* and when applied to the same period of time, are wholly inconsistent with each other; since in the former the plaintiff treats the defendant as his tenant, and in the latter as a trespasser."

In view of the nature of the action in assumpsit for use and occupation, as shown by the above authorities and cases, we think that in bringing on September 1, 1914, the action for use and occupation, shown in evidence in the case at bar, the plaintiff treated the defendant as his tenant, certainly as to the use and occupation subsequent to the date of the bringing of this action of trespass and ejectment, to wit, July 27, 1914, and that therefore said action in assumpsit for use and occupation constituted a waiver of the forfeiture sought in the case at bar. The exception of the defendant to the direction by the justice presiding of a verdict for the plaintiff is therefore sustained. The sustaining of this exception renders a consideration of the other exceptions of the defendant unnecessary. The court is of the opinion that' the case should be remitted to the Superior Court with direction to enter judgment for the defendant.

The plaintiff may show cause on Saturday, July 10, 1915, at 10 o'clock A. M., why this order should not be made.

*Cushing, Carroll & McCartin*, for plaintiff.

*Frank H. Wildes*, for defendant.