JOHN LONG, RESPONDENT, *v.* ALFRED SHARP, APPELLANT.

APPEAL FROM JUSTICE'S COURT—JUDGMENT FOR WANT OF ANSWER.—When an answer is purposely stricken out, or set aside on a trial in Justice's Court, and, defendant failing to file any other answer, judgment is rendered against him, such judgment, upon a question of defendant's right of appeal, will be considered as a "judgment for want of answer," and not appealable.

IDEM.—No JURISDICTION IN CIRCUIT COURT TO AFFIRM JUDGMENT BELOW. Where the Circuit Court dismisses an appeal for want of jurisdiction, it has no authority to render any further judgment than that of dismissal; and an affirmance of the judgment below by such Circuit Court is error.

IDEM.—WRIT OF REVIEW.—The remedy of a party defendant in Justice's Court, whose answer has been set aside, is by writ of review.

APPEAL from Linn County.

This action was first begun and tried in a Justice's Court, to recover $150 damages for breach of a contract for leasing a farm.

A part of defendant's answer was stricken out on motion, and a demurrer of plaintiff to the remaining part was sustained. No further answer having been filed, judgment was rendered in favor of the plaintiff, for want of answer, for the amount claimed and for costs and disbursements. From this judgment the defendant appealed to the Circuit Court, where the appeal was dismissed, upon the ground that the judgment appealed from was rendered for want of an answer, and was therefore not appealable. Upon the dismissal of the appeal, the Circuit Court affirmed or rendered the same judgment rendered in the Justice's Court, against the defendant and his sureties on appeal. From this judgment defendant appeals.

*Powell and Flynn,* for Appellant.

*J. K. Weatherford and D. R. N. Blackburn,* for Respondent.

By the Court, PRIM, J.:

It is claimed by counsel for appellant that, inasmuch as it has been held by this Court that a demurrer to a complaint is a sufficient answer, within the meaning of § 526 of the Code of Civil Procedure, to authorize an appeal to the Supreme Court from the judgment of the Circuit Court thereon, that it must follow that the same rule would apply to an appeal from a justice of the peace to the Circuit Court.

This position of counsel is based upon the fact that § 67 of the Justice's Code, which provides for appeals to the Circuit Court, is very similar to the provisions of § 526 of the Code of Civil Procedure, providing for appeals to the Supreme Court, so far as the kind of judgment from which an appeal will lie is concerned. Because each section referred to declares that an appeal will lie from a judgment which is not given for want of an answer, it would, upon the

first impression, and without looking beyond these two particular sections, appear that the same rule of practice should apply in the one case as in the other.

But, looking at the different provisions on the subject of appeals to the Supreme Court, and of appeals to the Circuit Court, and considering the diversity of the objects and results of an appeal in the one case, from those in the other, we think there is ample reason for inquiring whether it can be reasonably supposed that the law-maker intended that that the practice should be the same in each of the cases suggested.

In an appeal to the Supreme Court in a law case, only questions of law can be reviewed; and after the cause has been heard and determined on appeal, if any further inquiry into the facts of the case is required, the cause is remanded to the court below, with directions to proceed accordingly. But on an appeal to the Circuit Court the case is tried *de novo,* on substantially the same issues as were tried in the court below, and the judgment of the appellant court is a finality; and the law does not seem to contemplate that the lower court from which the appeal originated, should have anything more to do with the case. The case must either be tried in the appellate court, on the issues made in the court below, or new issues must be formed and tried for the first time in the appellate court—the latter of which, we think, is not contemplated by Chapter 9 of the Justice's Code. There is no authority in that chapter, or elsewhere, to remand a cause to the court below, to form and try the issues which may be tendered; because the law contemplates that the issues shall be joined before the case is appealed, and no change of the issues is allowed which will introduce a new cause of action or defense. (Civil Code, § 80.)

Although a "judgment for want of an answer," in its limited technical sense, may properly be held to embrace only those cases where the defendant has been duly served with process, and where the defendant is in default in making, or attempting to make, defense therein, and, in fact, by his acquiescence in the proceedings against him, vir-

tually confesses plaintiff's right to recover, yet we think the term has a more unlimited and comprehensive signification in the sense in which it is used in § 67 of the Justices' Code.

It is a well recognized rule of statutory construction that, in determining what is intended by any given part of a statute, the court should take into consideration the whole of the statute on that subject, and keep in view the objects intended to be effected by the law, and, if possible, so construe it as to give effect to every part of such law.

From a consideration of the whole of the provisions of chapter 9 of the Justices' Code, we think it is apparent that the law-maker never contemplated the trial of a cause, like the one at bar, in the Circuit Court for the first time. By the ruling of the justice of the peace, the answer, which had been filed by appellant in this case, had been stricken out and set aside; and the defendant, declining to further answer or plead, judgment was rendered against him as for want of an answer. If the answer was insufficient, the justice properly treated it as no answer, and properly rendered judgment against appellant as for want of an answer. If any error was committed by the justice, it was an error of law which could be most conveniently corrected by writ of review, where the Court has authority to remand the cause for such further proceedings as the nature of the case and the ends of justice may require. In its broader and more comprehensive sense, the judgment in this case was " a judgment for want of answer;" and such a judgment as the law-maker contemplated should be reviewed by writ of review, and not by appeal to the Circuit Court.

And the correctness of this view is still more apparent, when we take into consideration § 119 of the Justices' Code, which is in these words " No provision of this act, in relation to appeals, or the right of appeal, in either civil or criminal cases, must be construed so as to prevent either party to a judgment given in a Justices' Court from having the same reviewed in the Circuit Court for errors in law, appearing upon the face of such judgment, or the proceedings connected therewith, as provided in Title I of Chapter 7 of the Code of Civil Procedure."

It follows from this view of the case that an appeal would not lie from the judgment in question to the Circuit Court, and consequently that the Circuit Court committed no error in dismissing the appeal for want of jurisdiction.

But it appears that the Circuit Court, after dismissing the attempted appeal of defendant for want of jurisdiction, proceeded to render judgment against the defendant and his sureties for the amount of the judgment in the Justice's Court, and costs and disbursements. This, we think, was error. The Circuit Court, having failed to acquire jurisdiction over the cause on an attempted appeal from a judgment from which no appeal would lie, had no authority to move in the matter, except to dismiss the case, or strike it off the docket, as being improperly there. (*H. Hurley, County Judge of Yamhill Co.*, v. *J. F. Bewley.*)

So much of the judgment below as dismissed the appeal is affirmed, and as much of it as affirmed the judgment rendered in Justice's Court is reversed.