BRIDGE, Respondent, vs. THE CITY OF OSHKOSH, Appellant.

*October 18 — November 3, 1886.*

*Evidence: Declarations of injured party as to feelings, etc.: New trial.*

In an action to recover damages for personal injuries, the complaints and exclamations of the plaintiff made immediately after the injury as to his then existing pain or condition, and his statements made on the following day to his physician touching his condition, ills, pains, and symptoms at the time, are admissible in evidence; and for their exclusion a new trial may properly be ordered.

APPEAL from the Circuit Court for *Winnebago* County. The action was brought to recover damages for personal injuries sustained by the plaintiff, caused by an alleged de-

fect in one of the sidewalks in the defendant city, which it was the duty of the city to keep in repair. A trial resulted in a verdict for the plaintiff, assessing his damages at $217. He thereupon moved the court to set aside the verdict and for a new trial, on the grounds, among others, that the sum so assessed is inadequate, and because the court rejected and ruled out competent evidence offered and given on behalf of the plaintiff. The motion was granted because (as stated in the order granting the same) "the court erred in rejecting evidence offered by the plaintiff, to wit, statements made by plaintiff the day after the injury, to his physician, touching his condition, ills, pains, and symptoms at that time, and in striking out evidence given on the part of the plaintiff as to statements made by plaintiff immediately after the injury, being confined to complaints, expressions, and exclamations as to his then existing pain or condition, and all other evidence offered by the plaintiff touching his physical condition at the time when such statements were made." The defendant city appeals from the order setting aside the verdict and granting a new trial.

The cause was submitted for the appellant on the brief of *M. H. Eaton*, and for the respondent on that of *Weisbrod, Harshaw & Nevitt*.

Counsel for the respondent cited *Insurance Co. v. Mosley*, 8 Wall. 405; 1 Greenl. on Evi. sec. 102; 1 Wharton on Neg. (2d ed.), sec. 268; *Aveson v. Kinnaird*, 6 East, 188; *Bacon v. Charlton*, 7 Cush. 581; *Barber v. Merriam*, 11 Allen, 322; *Earl v. Tupper*, 45 Vt. 275; *Frink v. Coe*, 4 Greene (Ia.), 555; *Gray v. McLaughlin*, 26 Iowa, 279; *Brownell v. Pacific R. Co.* 47 Mo. 239; *Harrinnan v. Stowe*, 57 id. 93; *Entwhistle v. Feighner*, 60 id. 214; *Perkins v. Concord R. Co.* 44 N. H. 223; *Towle v. Blake*, 48 id. 92; *Caldwell v. Murphy*, 11 N. Y. 416; *Johnson v. McKee*, 27 Mich. 471; *Elliott v. Van Buren*, 33 id. 49; *Rogers v. Crain*, 30 Tex. 289; *Quaife v. C. & N. W. R. Co.* 48 Wis. 513.

LYON, J. The order states correctly the nature of the testimony on behalf of the plaintiff which the court rejected or struck out. There can be no doubt that the testimony was competent and should have been received and retained, and so the learned circuit judge held when he granted a new trial. The authorities which so hold are numerous. Many of them are cited in the brief of counsel for the plaintiff. It is impossible for us to know that the rejection and ruling out of such testimony did not prejudice the plaintiff. It is sufficient to uphold the order that it may have injured him. The order must therefore be affirmed.

*By the Court.*— Order affirmed.

