[Filed January 10, 1888.]

JOHN KEARNS, Respondent, *v.* J. L. FOLLANSBY, Appellant.

REVIEW—APPEAL. — A demurrer to the complaint was filed in a Justice's Court, which being overruled, no other pleading was filed, and final judgment rendered. An appeal lies from such judgment, and therefore a writ of review cannot be sustained.

APPEAL from Marion County. Reversed.

*George H. Burnette,* for Appellant.

*E. A. Downing,* for Respondent.

STRAHAN, J.—A writ of review was sued out of the Circuit Court of Marion County, directed to the justice of the peace of Stayton precinct, requiring him to certify to the Circuit Court of said county the record in the case of *Follansby* v. *Kearns,* lately decided in said Justice's Court. In obedience to said writ, the justice certified said proceedings to the Circuit Court. At the next term of said court, the present appellant appeared therein, and moved to dismiss the writ of review, and to remand the cause to said Justice's Court, for the reason, amongst other things, that the plaintiff herein had a plain, speedy, and adequate remedy for the errors complained of, by an appeal from the justice's judgment; but this motion was overruled, and upon looking into the record the Circuit Court reversed the judgment of the justice. From this judgment of the Circuit Court this appeal is taken.

It appears from the return of the justice annexed to the writ that J. L. Follansby, the appellant herein, commenced an action in the Justice's Court of Stayton precinct against John Kearns,

to recover $34.22 on account of goods delivered to one Grier at the request of said Kearns, and upon the promise of said Kearns that if Grier did not pay for them he would. A demurrer was filed to the complaint, for the reason that the facts stated did not constitute a cause of action, in that it stated a collateral parol agreement to answer for the debt of another, and was therefore void. This demurrer was overruled by the justice, and the defendant refusing to plead further, judgment was taken against him for the amount claimed, and he then instituted the present proceeding. If the question were before us, there seems no reason to doubt that the defendant's objections presented by the demurrer were well taken, and ought to have been sustained by the justice; and such was the view of the Circuit Court. But we are of the opinion that we cannot consider it in the present proceeding. An appeal was the proper remedy of the aggrieved party in this case, and not a writ of review. In *Ramsey* v. *Pettingill,* 14 Or. 207, we held, in effect, that appeal and review are not concurrent remedies under the Code, and that if the case is such that a party had the right of appeal, he was bound to pursue it to the exclusion of review, or any other remedy.

We do not care to restate the law further than to refer to what was said in that case. This was not a case where judgment was given for want of an answer. A demurrer is an answer within the meaning of section 2117 of Hill's Code. Section 536 of Hill's Code contains substantially the same provision as section 2117 as to judgments for want of an answer being non-appealable, and yet it is the constant practice, and has been since the adoption of the Code, to appeal to this court from the ruling of the lower court on a demurrer. And it has never even been suggested here that such a judgment was given for want of an answer. No reason is perceived why these two provisions, though relating to appeals from different courts, should not on this point receive the same construction. *Long* v. *Sharp,* 5 Or. 438, was cited by the respondent as being contrary to what is here said. In that case an answer had been filed in the cause pending before a justice, which was stricken out on motion, and a judgment then given against the defendant " for want of an answer," and it was

held that it was non-appealable for that reason, and that therefore review was the proper remedy. But that is not this case; and the principle decided in *Long* v. *Sharp*, *supra*, is one that cannot be enlarged or extended. Besides this there may be room to question whether or not "a judgment for want of an answer," according to the true intent and meaning of the statute, can only be taken in the manner and under the circumstances contemplated in section 249 of Hill's Code. I am unable to perceive any real distinction between a judgment for want of an answer and judgment "upon *failure* to answer." But the consideration of this question is now unnecessary.

The judgment of the court below will be reversed, and the cause remanded with directions to dismiss the writ.