BRIDGE, Respondent, vs. THE CITY OF OSHKOSH, Appellant.

*March 5 — March 27, 1888.*

*(1) Evidence: Personal injuries: Complaints.   (2) Changes in physical or mental condition: Expert testimony.   (3) Excessive damages: Former verdict for less amount.*

1. Where personal injuries are the subject of inquiry and the basis for awarding damages, evidence of complaints made by the injured person either to his attending physicians or others is admissible.

2. In such case a witness who is not an expert, but who is acquainted with the injured person and has seen him frequently before and after the injury, may testify as to any changes either in his physical or mental condition.

3. Where on the first trial of an action to recover damages for personal injuries the plaintiff was prevented by the rulings of the court from fully presenting his case on the question of damages, and on the second trial, had nearly two years later, it was proved that he had not fully recovered from his injuries, a verdict on the first trial for $217 should have little weight in determining whether a verdict on the second trial for $1,800 is excessive. *Baker v. Madison*, 62 Wis. 137, distinguished.

APPEAL from the Circuit Court for *Marquette* County. The case is stated in the opinion.

*Wm. H. Casey,* for the appellant, contended, *inter alia,* that the evidence of the witnesses Anderson, R. W. Bridge, and Mrs. Bridge as to pain suffered by the plaintiff since the injury, and plaintiff's nervous condition, memory, etc., was wholly incompetent. *Insurance Co. v. Mosley,* 8 Wall. 397; *People v. Davis,* 56 N. Y. 95; *Ashland v. Marlborough,* 99 Mass. 48; Wharton on Evi. secs. 261–268; 1 Greenl. on Evi. sec. 110. Declarations made after convalescence, or when there has been an opportunity to think over the matter in reference to projected litigation, are inadmissible. *Kennard v. Burton,* 25 Me. 39; *Bacon v. Charlton,* 7 Cush. 581; *Chapin v. Marlborough,* 9 Gray, 244.

For the respondent there was a brief by *Weisbrod, Harshaw & Nevitt,* and oral argument by *Mr. A. W. Weisbrod.*

TAYLOR, J. The respondent brought this action against the city of *Oshkosh,* to recover damages for a personal injury sustained by falling upon one of the sidewalks of said city. The case has been twice tried. The first trial was in the Winnebago county circuit court, and resulted in a verdict in favor of the plaintiff for the sum of $217 damages. This verdict was set aside on motion of the plaintiff, and a new trial granted. An appeal was taken by the city from the order granting such new trial, and the order was affirmed by this court. See case reported in 67 Wis. 195. On the return of the record the place of trial was changed to Marquette county, where a second trial was had, and the jury returned a verdict in favor of the plaintiff for the sum of $1,800 damages. The defendant moved to set aside the verdict, and for a new trial, upon two grounds: *First,* that the court erred in admitting certain evidence offered by the plaintiff and objected to by the defendant; and, *second,* because the damages were excessive. The motion was over-

ruled, exception duly taken by the defendant, and, after the judgment rendered upon the verdict, the city again appeals to this court.

The only errors alleged upon this appeal are the two stated above. That the street was out of repair, and had been for a long time previous to the accident, and that the accident was caused by the want of repair of the street, is admitted. The evidence which was objected to, and the admission of which is alleged to be error, is as follows:

The witness R. W. Bridge, a son of the plaintiff and a witness on his behalf, was asked the following question: "What was your father's general condition after the happening of the injury, so far as you can give it from what you have seen and observed? *Answer.* At times it has been impossible for him to do business, and at other times he can do a little something. He has been subject to more or less pain." The counsel for the defendant objects to that part of the answer which states, "He has been subject to more or less pain." To this objection the court remarked: "He complains of pain." "*Question.* What have you noticed in respect to his memory since the injury? *Answer.* I have noticed that since the injury his memory has at times been very bad." This the defendant moved to strike out, and the motion was denied.

The following questions and answers were allowed, by the witness Mrs. Bridge, wife of the plaintiff's son and intimately acquainted with the plaintiff: *Question.* "Have you observed any change in his condition since the happening of the injury?" Objected to because it is not shown that the witness is an expert, and the question calls for an opinion. The objection overruled, and the witness answered: "Yes, sir; very much in his nervous constitution, and in his health and mind." The witness also answered, under objection, that she had observed a difference in his memory. "His memory has not been so good as it was before." "I have

noticed a peculiarity about his walk. He has been lame, or that is what I should call it. He calls it a kind of numbness, I believe. He does not walk the same as before." The court remarked upon the objections of the defendant: "It is difficult to distinguish on these answers. She can tell what she observes,— his physical condition in regard to walking, or sight, or memory, anything of that kind,— if she noticed anything. Her opinion, of course, is not of any value."

The witness Anderson, after testifying as to his relations to the plaintiff and how far he was acquainted with him, was asked: "What, if any, change in the physical condition of *Mr. Bridge* did you notice after the injury?"— and the question and answer were objected to by the defendant. The witness answered: "He seemed to be quite nervous. He didn't seem to have any memory; didn't seem to remember things. He seems to be very shaky,— nervous. His hands were shaking. He was trembling and nervous. If you would ask him a question, probably he would think a moment before answering." "Did you notice any change in his eyes?" This was also objected to. *Answer*. "I think I did, by his asking me at different times to read postal cards and letters." "How often a month did you observe that he had spells of nervousness?" Objected to. *Answer*. "I could not say how many times; of course, many times I heard him complain."

The foregoing is substantially all the evidence which was objected to by the appellant. The appellant also makes a general objection to the evidence of complaints made by the plaintiff to his physicians and others, as to his symptoms, pains, and ailments. There was some evidence given in the case, both by the physicians in attendance upon him and by others who were intimately acquainted with him, that the plaintiff had complained to them of pains in his head and back and a numbness of his limbs, and of other ailments.

Under well-established rules of law applicable to cases of this kind, where personal injuries to the plaintiff are the subject of inquiry and the basis for awarding damages, evidence of the kind admitted by the court in this case is clearly admissible. The admissibility of complaints made by the injured person, either to his attending physicians or others, is clearly sustained by the following authorities: *Insurance Co. v. Mosley*, 8 Wall. 397, 405–407; *Bridge v. Oshkosh*, 67 Wis. 195; *Quaife v. C. & N. W. R. Co.* 48 Wis. 513; *Bacon v. Charlton*, 7 Cush. 586; *Barber v. Merriam*, 11 Allen, 322–324; *Hatch v. Fuller*, 131 Mass. 574; 1 Greenl. Ev. (14th ed.), sec. 102, and cases cited in note *b*. The propriety of permitting a witness who is not an expert, but who is acquainted with the injured person and has seen him frequently before and after the injury, to testify as to any changes either in his physical or mental condition, is established by the following authorities: *Baker v. Madison*, 62 Wis. 137; *Wright v. Fort Howard*, 60 Wis. 119–123; *Sydleman v. Beckwith*, 43 Conn. 9; *Parker v. B. & H. Steamboat Co.* 109 Mass. 449; *Comm. v. Sturtivant*, 117 Mass. 122; *Thompson v. Stevens*, 71 Pa. St. 161; *Elliott v. Van Buren*, 33 Mich. 49; *Wilkinson v. Moseley*, 30 Ala. 562; *Smalley v. Appleton*, 70 Wis. 340. The evidence received over the objections of the appellant was properly received, and no error was committed by the court in that respect.

It is urged that the damages are excessive. If we take into consideration simply the evidence received on the second trial, as we certainly must, we cannot say the damages are excessive. On the contrary, they appear rather moderate, considering the fact that the plaintiff proved on the trial that he had expended something like $300 in paying medical attendants.

But the counsel urge that because upon the first trial a presumably fair jury awarded him only $217, it is evidence of prejudice on the part of the second jury to award him

$1,800 for the same injury. Under the evidence in this case the first verdict should have very little effect in determining whether the verdict on the second trial was excessive. On the first trial the plaintiff was prevented by the rulings of the trial court from fully presenting his case on the question of damages, and, in addition to that, the second trial was not had until nearly two years after the first, and it was then proven that the plaintiff had not fully recovered from the injuries he had sustained,— a fact which could not have been established with any certainty on the first trial. Under this state of facts, what was said by this court in *Baker v. Madison*, 62 Wis. 137, 149, as to the weight the previous verdicts of juries in the same case should have in determining the question as to the excessiveness of the verdict on the final trial of the action, can have no application. The case appears to have been fairly tried, and there is nothing in the amount of the verdict which would justify this court in setting it aside for any cause.

*By the Court.*— The judgment of the circuit court is affirmed.

See notes to this case in 37 N. W. Rep. 409.— REP.