[ Filed March 18, 1890. ]

LUCINDA J. THOMAS, RESPONDENT, *v.* HERRALL & ZIMMERMAN, APPELLANTS.

MASTER AND SERVANT—DUTY OF MASTER.—In the employment of servants, a master must use due care; but the mere fact of the incompetency for the work upon which a servant was employed, would not be enough to warrant a jury in finding a master guilty of negligence in employing him.

PRACTICE—MOTION TO STRIKE OUT IMMATERIAL MATTER.—Where a complaint contains an immaterial averment which ought to have been stricken out on motion, but the party making such motion answered over, and the court made no declaration of law upon the trial respecting such immaterial averment, and it did not appear that the appellant was in any manner prejudiced by such error of the court in refusing to strike such immaterial matter from the pleading, the judgment will not be reversed.

EVIDENCE—REPRESENTATIONS OF SICK PERSON—CONCERNING MALADY UNDER WHICH HE LABORS.—The representations of a *sick person* of the nature, symptoms and effects

of the malady under which he labors at the time, are original evidence, and they may be received if made to a person other than a medical attendant; but such evidence must relate to the present and not to the past. Anything in the way of narration must be excluded. It must be confined strictly to such complaints, expressions and exclamations of a *present* existing pain or malady.

APPEAL from the circuit court for Multnomah county.

The plaintiff brought this action to recover $7,000 damages for injuries alleged to have been received through the negligence of a servant of the defendants, and she recovered a verdict and judgment for $118. The complaint, amongst other things, alleges that on the thirty-first day of May, 1889, the defendants were engaged in delivering beer from place to place in the city of Portland with horses and wagons by their agents and servants, and that they so recklessly, carelessly and negligently managed and drove one of said wagons and the two horses attached thereto, then driven by the defendants' employé and servant, one Joe F. Beier (who was then and there a careless, negligent and unskillful driver), that on First street in said city, near Main street, which was there and then a public highway, said horses and wagon ran against and over the plaintiff while she was in the act of entering a street car in said place, throwing and casting the plaintiff down upon the ground with great force and violence, thereby dislocating plaintiff's right shoulder and bruising, injuring and wounding in the breast and shoulders, on the face, neck, etc. The defendants moved to strike out the words included in parentheses, which, being overruled, they answered denying each material allegation of the complaint, and upon the issues thus formed a trial was had before a jury. The other facts appear in the opinion.

*E. Mendenhall,* for Appellant.

*U. S. G. Marquam,* for Respondent.

STRAHAN, J.—The defendants moved to strike out of the complaint the words included in parentheses immediately following the name Joe F. Beier, to-wit: "Who was then and there a careless, negligent and unskillful driver." It is the master's duty to use due care, that is, ordinary care,

in employing servants of sufficient care and skill to discharge the duties of their service.    Sherman and Redfield on Neg., § 90.    And the mere fact of the incompetency for the work upon which he was employed is not enough to warrant a jury in finding a master guilty of negligence in employing him.    Sherman and Redf. on Neg., § 91.    These citations show that the words of the complaint which were objected to by the defendants ought, as a matter of correct practice, to have been stricken from it on defendants' motion; but the court seems to have treated them as immaterial at the trial, gave no charge to the jury declaring any liability against the defendants by reason thereof; and we are clearly of the opinion that the defendants suffered no injury by reason of their retention.    In actions at law the safer and better practice undoubtedly is to allow nothing to remain in the complaint or other pleading except the ultimate fact upon which the right or liability depends; but where, after an unsuccessful motion, a party answers over, and the cause is tried on other issues as well as the immaterial one, unless the court has, as a matter of law, declared that the immaterial allegation gave the party some right or created some liability against the adverse party, we ought not to reverse the judgment on the sole ground that the complaint or other pleading contained such immaterial allegation.    A party may always protect himself upon the trial against any supposed effect of such allegation by asking of the court a declaration of law that the same does not create any liability against such party. Of course, if it affirmatively appeared from this record that the immaterial matter objected to in any way prejudiced the appellants, we would feel constrained to give them a new trial; but we are satisfied that it did not, and therefore this assignment of error cannot be sustained.

2.    An exception was taken to a question or two asked the witness, Mrs. Louise Murphy, who testified on the part of the plaintiff.    Mrs. Murphy testified without objection that she resided in Portland, on Hooker and Porter streets; that she saw Mrs. Thomas the next morning after

she was injured, that she was in bed, her face was bruised and her right shoulder. Question. Do you know anything about her side? Answer. No; I do not remember about her side, but she complained. Here counsel for the defendants objected to the witness stating what Mrs. Thomas complained of, as incompetent, irrelevant, immaterial and not part of the *res gestæ*, but the court overruled said objection to which an exception was taken. Q. What did she say? To this question the same objection and exception were taken, and the witness answered: "She said it hurt her there under the right arm." The witness was also asked if Mrs. Thomas pointed out to her where it hurt her, and she answered, "Yes, sir." These several exceptions present but a single question, and that is the competency of this evidence. The ruling of this court in *Sullivan* v. *The O. R. & N. Co.*, 12 Or. 392, shows that this evidence is no part of the *res gestæ*, nor did counsel upon the argument here contend it was. His contention is that the evidence excepted to was the expression of bodily feelings, and, inasmuch as they occurred near the time of the injury complained of, they may be received as original evidence. It seems to me this evidence is within the principle laid down in 1 Greenleaf's Ev., § 102. The author says: "So, also the representations of a *sick person* of the nature, symptoms and effects of the *malady* under which he is laboring at the time, are received as original evidence. If made to a medical attendant they are of greater weight as evidence; but if made to any other person they are not on that account rejected." 1 Phillips on Ev., *182, *183; *Bridges* v. *The City of Oshkosh*, 37 N. W. Rep. 409; *Ins. Co.* v. *Mosley*, 8 Wall. 397; *Barber* v. *Merriam*, 11 Allen, 322; *Hatch* v. *Fuller*, 131 Mass. 574; *Quaife* v. *The Chicago & N. W. R. R. Co.* 48 Wis. 513. What was said by this court in relation to *Ins. Co.* v. *Mosley*, *supra*, related more particularly to that part of it discussing the doctrine of *res gestæ*, and no reference was made to the other part of the opinion nor was the same questioned.

It was claimed upon the argument of *Sullivan* v. *The O.*

*R. & N. Co.*, *supra*, that the statements and declarations of a party in relation to the facts and circumstances of a particular event, made a considerable time after such event happened, or at least not at the time it happened, or so near it as to be a part of such transaction, might be given in evidence by the party making such declarations in his own favor. It was an attempt to enlarge and extend the doctrine of *res gestœ*, and it was to that question this court referred in its comments on the case in 8th Wallace, *supra*. But the principle involved here is in no wise connected with or dependent on the doctrine of *res gestœ*; nor is it believed that there is any difficulty in its practical application if the limitations so carefully laid down by the court be carefully attended to. The court said: "Such evidence must not be extended beyond the necessity upon which the rule is founded. It must relate to the present and not to the past. Anything in the way of narration must be excluded. It must be confined strictly to such complaints, expressions and exclamations as furnish evidence of a *present* existing pain or malady." Within the principle of these authorities I think the evidence excepted to was competent. Counsel for appellants cite *Walder* v. *The New York Central & Hudson River Railroad Co.*, 95 N. Y. 274, and some others of similar import, which hold that declarations which are merely narrative of past transactions are not admissible as part of the *res gestœ*. The authority and force of these cases are conceded. This court held the same doctrine in *Sullivan* v. *The O. R. & N. Co.*, *supra*, but the class of authorities do not touch the principle involved in this case.

For the reasons indicated the judgment appealed from is affirmed.