Decided 4 December, 1906.

## BROWNELL v. SALEM FLOURING MILLS CO.

87 Pac. 770.

APPEAL—DEFAULT—MOTION NOT AN ANSWER.

1. A motion to strike out parts of a complaint is not an "answer" within the meaning of Section 548, B. & C. Comp., providing for appeals, and a judgment entered upon the refusal of defendant to plead after his motion has been denied is not appealable, though a demurrer is an "answer," the difference being that the latter raises an issue of law while the former does not raise any issue.

PLEADING—CORRECTING ERROR IN OVERRULING MOTION TO STRIKE OUT.

2. If a motion to strike out part of a pleading be overruled, the same question can be raised by objecting to the evidence offered in support of the allegations moved against, and by asking the court to strike it out of the record or instruct the jury to disregard it.

Appeal from Marion County.

Action by S. S. Brownell against the Salem Flouring Mills Company. From a judgment for plaintiff, defendant appeals. Respondent now moves to dismiss the appeal.      DISMISSED.

*Mr. Woodson Taylor Slater* for the motion.

*Mr. George Greenwood Bingham, contra.*

MR. JUSTICE MOORE delivered the opinion of the court.

1. This is a motion to dismiss an appeal on the ground that the judgment sought to be reviewed was given for want of an answer. A motion to strike out parts of the complaint was

denied, and, the defendant declining further to plead, judgment was rendered against it for the sum demanded, from which an appeal was attempted to be taken. The statute, prescribing an appealable decision of a court, contains the following provision:

"Any party to a judgment or decree other than a judgment or decree given by confession, or for want of an answer, may appeal therefrom:" B. & C. Comp. § 548.

Any pleading on the part of the defendant that interposes an issue of fact or of law is, in a general sense, denominated an "answer," and, under this very liberal definition, the formal mode of disputing the sufficiency of the plaintiff's primary pleading comes within the meaning of this term: Boone, Code Pl. § 58. Thus, when a demurrer to a complaint is overruled, and, the defendant refusing further to plead, a judgment or a decree is rendered against him, he may appeal therefrom on the ground that the issue of law thus tendered constitutes an answer: *Kearns v. Follansby,* 15 Or. 596 (16 Pac. 478) ; *Hendy Machine Works v. Portland Sav. Bank,* 24 Or. 60 (32 Pac. 1036) ; *Willis v. Marks,* 29 Or. 493 (45 Pac. 293). An application for an order is a motion: B. & C. Comp. § 534. Its purpose, when a defect in a pleading exists, is particularly to point out some alleged irrelevant or redundant matter therein which may be stricken out: B. & C. Comp. § 86. "There can be no doubt," says Mr. Chief Justice LORD, in *The Victorian,* 24 Or. 121 (32 Pac. 1040, 41 Am. St. Rep. 838), "that the object of a motion to strike out is not to perform the office of a demurrer." The sufficiency of a pleading, as to matters of substance, must be tried on a demurrer, but, when the manner of stating the facts is defective for noncompliance with the rules of pleading, the remedy for its correction is by motion: 14 Enc. Pl. & Pr. 91. A motion calling attention to a defective statement in a pleading does not present an issue of fact or of law, and hence cannot, under the most liberal rule, be classed as an "answer."

2. It must be admitted, as was argued by defendant's counsel, that, if a motion to strike out irrelevant or redundant matter from a complaint be denied and such matter is controverted in the answer, the issue thus made is immaterial. An error com-

mitted in overruling a motion to strike out can be corrected, however, by objecting and excepting to the admission of evidence tending to establish such issue, and also requesting an instruction not to consider such evidence, which, if denied, the action of the court in this respect will be reviewed on appeal: *Krewson* v. *Purdom,* 11 Or. 266 (3 Pac. 822) ; *Thomas* v. *Herrall,* 18 Or. 546 (23 Pac. 497).

It follows from these considerations that the appeal must be dismissed, and it is so ordered.          APPEAL DISMISSED.

---

Decided 4 December, 1906.