Decided November 23, 1909.

## MULTNOMAH COUNTY v. FALING.

[104 Pac. 964.]

PLEADING—MOTION TO STRIKE—OFFICE.

1. In view of Section 86 of B. & C. Comp., providing that if irrelevant or redundant matter be asserted in a pleading it may be stricken out on motion, and section 106, providing that a pleading not duly verified and subscribed may be stricken, as may a pleading containing more than one

cause of action or defense, if the same be not pleaded separately, the office of a motion to strike out a part of a pleading is not to test the sufficiency of it, but only to eliminate therefrom immaterial matter; the motion relating to matters collateral or preliminary to the issue, and not being directed against the cause of action or defense as a whole.

PLEADING—SUFFICIENCY—DEMURRER.

2. Under Section 68, B. & C. Comp., providing that defendant may demur to the complaint where it does not state a cause of action, and Section 78, allowing plaintiff to demur to an answer containing new matter when it appears on the face thereof that the new matter does not constitute a defense or counterclaim, etc., a demurrer is the only pleading by which the sufficiency of the complaint or answer can be tested, and must be directed to a cause of action or defense as a whole.

APPEAL AND ERROR—DECISIONS REVIEWABLE—JUDGMENT AFTER DENIAL OF MOTION TO STRIKE—"ANSWER."

3. A motion to strike out a part of the complaint as frivolous, irrelevant and redundant only raises the question whether the matter sought to be stricken out is material to the issue tendered by the complaint, and does not constitute an "answer," within Section 548, B. & C. Comp., providing that any party to a judgment or decree, other than a judgment or decree by confession, or for want of an answer, may appeal therefrom, the term "answer," as used in the section, contemplating a pleading raising a question of law or fact, and hence a defendant could not appeal from a judgment rendered upon denial of the motion.

From Multnomah: EARL C. BRONAUGH, Judge.

This is an action by Multnomah County against X. J. Faling wherein judgment was rendered in favor of plaintiff for want of an answer and defendant appeals.

DISMISSED.

ON MOTION TO DISMISS.

Submitted on briefs. For appellant there was a brief over the name of *Mr. Thomas N. Strong.*

For respondent there was a brief over the names of *Mr. George J. Cameron,* District Attorney, *Mr. Thad W. Vreeland,* Deputy District Attorney, and *Mr. Walter G. Hayes.*

MR. JUSTICE EAKIN delivered the opinion of the court.

This is a motion to dismiss an appeal on the ground that the judgment was granted for want of an answer; the action being for the recovery of $30 per month for

the support of the poor of the county, under Sections 2653, 2654, B. & C. Comp. A motion to strike out a part of the complaint, for the reason that it is frivolous, irrelevant, and redundant, was denied, and thereafter judgment was rendered against defendant for want of an answer, from which she appeals, assigning as error, the order of the court in denying the motion to strike out part of the complaint. Plaintiff now moves the court to dismiss the appeal for the reason that judgment was entered upon default from which an appeal does not lie.

1. The only question presented is whether defendant's motion is an answer, within the meaning of Section 548, B. & C. Comp. This court in *Brownell* v. *Salem Flouring Mills Co.,* 48 Or. 525 (87 Pac. 770), held that a motion to strike out a part of a complaint is not an "answer" within the meaning of that statute, which provides that "any party to a judgment or decree other than a judgment or decree given by confession, or for want of an answer may appeal therefrom," and that a judgment entered for want of an answer after the denial of such a motion is not appealable. Defendant insists that the rule there announced is too general and should not apply to such a case as this. The office of a motion to strike out part of a pleading is not to test the sufficiency of it, but is only to eliminate therefrom immaterial matter. It relates to matters collateral or preliminary to the issue and is not directed against the cause of action or defense as a whole to test its sufficiency. Section 86, B. & C. Comp.; 14 Pl. & Pr. 75, 91, 82.

2. Section 65, B. & C. Comp., provides that the only pleadings shall be the complaint, demurrer, answer, and reply. The demurrer is the only pleading by which the sufficiency of the complaint or answer can be tested (Sections 68, 78, B. & C. Comp.), and must be directed to a cause of action or defense as a whole. There may be certain defects in a pleading for which it may be stricken

out on motion; but these do not go to its sufficiency. Section 106, B. & C. Comp.; *The Victorian,* 24 Or. 121, 136 (32 Pac. 1040: 41 Am. St. Rep. 838.) By Section 109 an issue arises upon the pleadings, and by Section 110 an issue of law arises upon demurrer.

3. The motion here only raises the question whether the matter sought to be stricken out is material to the issue tendered by the complaint, and does not raise a question of law or fact contemplated by the term "answer," as used in Section 548, B. & C. Comp., and this case does not present any exception to the principle decided in *Brownell* v. *Salem Flouring Mills Co.,* 48 Or. 525 (87 Pac. 770), and the motion to dismiss the appeal is sustained.                                              DISMISSED.