Argued November 24, decided December 21, 1909.

**VUILLEUMIER v. OREGON WATER POWER & R. CO.**

[105 Pac. 706.]

DAMAGES—ASSESSMENT OF DAMAGES—INQUEST ON DEFAULT—EVIDENCE.

1. Defendant, in an action for injury to a passenger on its car having defaulted, may not on assessment of the damages by the court under Section 185, subd. 2, B. & C. Comp., where it may only offer proof in mitigation of damages, show that the glass was not broken by the collision of the car; the extent of the injury to the car being immaterial, defendant's carelessness and plaintiff's injury being admitted, and the only question being as to the amount of damages plaintiff sustained.

DAMAGES—ASSESSMENT OF DAMAGES—INQUEST ON DEFAULT—EVIDENCE.

2. Nor is it material that one going through the car immediately after the accident saw no one who appeared to be injured, plaintiff in her testimony not claiming to have received any injury that might be visible to the casual observer, and saying that she made no complaint at the time; so that such fact would not tend to contradict plaintiff as to the manner in which she was thrown against the seat in front of her, and as to the extent of her injury.

EVIDENCE—RES GESTAE—COMPLAINT OF PERSON INJURED.

3. Statement of plaintiff, in answer to a question of her physician, some time after the accident, that she was still suffering pains, is competent.

TRIAL—OFFER OF EVIDENCE—SHOWING MATERIALITY.

4. Plaintiff having admitted consulting C. for treatment, it was not error to sustain objection to the question whether she said anything to witness about having been with C. for treatment, as it cannot be presumed, and the question does not indicate, that the answer would have been material.

Sig. 5

DAMAGES—ASSESSMENT—INQUEST ON DEFAULT—FINDINGS.

5. On an assessment of the damages by the court under Section 185, subd. 2, B. & C. Comp., on default of defendant in an action for personal injuries, the only question for trial being how much plaintiff is damaged, special findings as to the items of damages are not required; Section 158 providing that, on the trial of an issue of fact by the court, its decision shall state the facts found, relating to the issues made by the pleadings, as defined by Sections 109 and 111.

APPEAL AND ERROR—REVIEW.

6. Only errors of law can be considered on appeal, so the findings of fact and the question of excessive damages raised by a motion for new trial cannot be reviewed.

From Multnomah: THOMAS O'DAY, Judge.

This is an action by Alice Vuilleumier against the Oregon Water Power & Railway Company to recover damages for personal injuries alleged to have occurred on October 22, 1906, while plaintiff was a passenger upon a car of the defendant. There was a default rendered against the defendant for want of an answer and the court having heard the proof in order to assess the damages the plaintiff was entitled to recover, rendered a judgment against the defendant and in favor of plaintiff for the sum of $3,000 and from an order denying a new trial, defendant appeals.        AFFIRMED.

For appellant there was a brief over the names of *Mr. Arthur M. Dibble* and *Mr. Ralph W. Wilbur* with an oral argument by *Mr. Dibble.*

For respondent there was a brief over the names of *Mr. Cicero M. Idleman* and *Mr. William C. Benbow* with an oral argument by *Mr. Idleman.*

MR. JUSTICE EAKIN delivered the opinion of the court.

This is an action to recover damages for personal injuries. Plaintiff alleges that on October 22, 1906, she was a passenger upon a car of the defendant at the time said car collided with another car of defendant, the collision being caused by negligence of the defendant; that, by reason of said collision, plaintiff was thrown violently

out of her seat and upon the seat in front of her, crushing her arm, shoulder, and body, striking and crushing her head, and causing her great physical pain and mental anguish, for which she asks damages in the sum of $10,000 and special damages on account of money paid for medical services, hospital expenses, medicine, and nursing in the sum of $1,000. She also alleges that she was a business woman, earning $75 per month; that her trade was that of a watchmaker and jeweler; that, by reason of said injuries, she was unable to work thereafter, to her damage in the sum of $825.

1. The defendant suffered default for want of an answer to be entered against it, and thereupon the court proceeded to hear the proof and to assess the damages to which plaintiff was entitled, under the provision of Subd. 2, Section 185, B. & C. Comp., which provides that in actions sounding in tort, if no answer has been filed, the court, without the intervention of a jury, shall assess the damages which plaintiff shall recover; that the court may hear the proof itself, and the defendant shall not be precluded, by reason of his default, from offering proof in mitigation of damages. At the close of the evidence, and after the court had orally announced that he had assessed the damages at $3,000, plaintiff moved the court to make specific findings of fact as to the items and amounts of each, upon which the court allowed damages. This motion was denied by the court. Defendant also moved the court for a new trial for the reason that the evidence was insufficient to justify the judgment, and that the damages were excessive. The defendant appeals.

Error is assigned upon the refusal of the court to permit Mrs. Loveridge, who was a passenger on the same car at the time of the accident, to state whether or not from the force of the collision the glass in the front of the car was broken. The extent of the injury to the car was not material. It was not made an issue, and, the

defendant's carelessness and plaintiff's injury being admitted, the only question was as to the amount of damage plaintiff sustained.

2. Error is also assigned upon the refusal of the court to permit Mrs. Loveridge, who went through the car after the accident, to state what she found as to any one being hurt. The record does not show what was sought to be proved by the answer, but, assuming that she would have answered that she saw no one who appeared to be injured, it would be immaterial, as plaintiff in her testimony does not claim to have received any injury that might be visible to the casual observer and says that she made no complaint at the time. Such evidence, then, would not tend to contradict her as to the manner in which she was thrown down or to the extent of her injuries.

3. Plaintiff's husband testified that an December 8th, Dr. Cable, his wife's physician, asked her this question, "Do you still suffer these pains," to which she answered, "Yes." This was competent evidence under the rule that "the declarations of a party are received to prove his condition, ills, pains, and symptoms, whether arising from sickness or an injury by accident or violence." *State* v. *Mackey*, 12 Or. 158 (6 Pac. 648). To the same effect are *Thomas* v. *Herrall*, 18 Or. 549 (23 Pac. 497), and 16 Cyc. 1160. "The representations of a sick person of the nature, symptoms, and effects· of the malady under which he is laboring at the time are received as original evidence. If made to a medical attendant, they are of greater weight as evidence; but, if made to any other person, they are not on that account rejected." 1 Greenleaf, Evidence, § 102.

4. The ruling of the court on sustaining an objection to the question asked Dr. Jones, "did she state anything to you about having been with Dr. Cable for·treatment?" was not error. The question gives no intimation as to

what answer is expected, or that she said anything detrimental to her case here. She admitted having consulted Dr. Cable for treatment, and we cannot presume that the answer would have been material. *Beers* v. *Aylsworth,* 41 Or. 254 (69 Pac. 1025).

5. The principal assignment of error relied upon by defendant is the refusal of the court to make special findings as to the items and amounts of the damages allowed to plaintiff. Defendant insists that it was the duty of the court to make special findings of fact as to these items. The rule is well settled that the trial court must make findings upon all the material issues; that is, the findings of fact must be sufficient to sustain the judgment (*Moody* v. *Richards,* 29 Or. 286: 45 Pac. 777; *Chung* v. *Stephenson,* 50 Or. 248: 89 Pac. 386, 805), but this rule relates to issues made by the pleadings (Section 158, B. & C. Comp.). Issues are defined by Section 109, B. & C. Comp.: "Issues arise upon the pleadings when a fact or conclusion of law is maintained by the one party and controverted by the other." Section 111: "An issue of fact arises upon a material allegation in the complaint, controverted by the answer." And these are the issues referred to by the decisions of this court, cited by defendant, to the effect that the findings must be based upon and as broad as the issues involved. *Green* v. *Williams,* 21 Kan. 64; *Hardin* v. *Abbey,* 57 Tex. 587, also cited by defendant, are based upon statute. In this case there are no issues based upon the pleadings, and there is but one question for trial, namely: How much is plaintiff damaged? Therefore no other finding of fact can be required. Every interest of the defendant, the protection of which, it contends, requires such special findings, can be saved by proper exceptions at the trial. Other questions were suggested at the argument that related only to the facts, and are not before us.

6. The case is not here for a review of the findings of fact made by the court, but only for the consideration of errors of law properly brought, presented by the appeal. The question raised by the motion for a new trial, including that of excessive damages, cannot be reviewed here. *State* v. *Foot You,* 24 Or. 73 (32 Pac. 1031: 33 Pac. 537) ; *Lindsay* v. *Grande Ronde Lum. Co.,* 48 Or. 439 (87 Pac. 145). We find no error in the proceedings of the lower court.

The judgment is affirmed.          AFFIRMED.