Argued at Pendleton May 3, affirmed July 6, rehearing denied September 6, 1927.

## STATE v. ROBERT WRIGHT, SR.

(257 Pac. 699; 259 Pac. 298.)

Larceny—In Indictment for Larceny, Allegation That Value of Cow Stolen Exceeded $35 Did not Reduce or Raise Offense (Or. L., § 1947).

1. In indictment for larceny, under Section 1947, Or. L., allegation that value of cow stolen was in excess of $35 did not reduce or raise offense.

Indictment and Information—Indictment Charging Larceny, Under Statute Relating to Larceny, Held not Demurrable, as Charging Two Crimes, Because It Included Offense Under Statute Relating to Larceny of Animals (Or. L., §§ 1947, 1950).

2. Indictment charging larceny, under Section 1947, Or. L., did not charge two crimes, because it charged stealing of cow, which is prohibited by Section 1950 relating to larceny of animals, and hence was not demurrable.

Indictment and Information—Indictment for Larceny Following Words .of Statute Held to Sufficiently Inform Defendant of Crime Charged (Or. L., § 1947).

3. Indictment for larceny, charging defendant with stealing cow having value in excess of $35, which followed words of Section 1947, Or. L., *held* to sufficiently inform defendant of crime charged, and motion to make indictment more definite and certain *held* properly overruled.

Indictment and Information—Where Indictment was Dismissed on District Attorney's Motion, Court Could Resubmit Case to Grand Jury (Or. L., § 1484 et seq., and § 1488).

4. Under Section 1484 et seq., Or. L., and Section 1488, where indictment for larceny was dismissed by order of Circuit Court on motion of district attorney, court could resubmit case to grand jury.

Criminal Law—Refusing Instruction in Larceny Prosecution Held not Error, Where Instruction Given Covered Request.

5. In larceny prosecution, refusing instruction that, if defendant received cow stolen from another after felonious taking, whether in good or bad faith, he was not guilty of larceny, *held* not error, where instruction that, if defendant secured possession of animal by trade or purchase after same had been stolen, and defendant did not participate in original taking, jury should find defendant not guilty, which fully covered request, was given.

ON PETITION FOR REHEARING.

Criminal Law—Instruction That if Defendant Received Cow Stolen from Another, After Felonious Taking, Whether in Good or Bad Faith, He was not Guilty of Larceny Held Properly Refused as Abstract.

6. Instruction that 1efore jury could convict of larceny they must believe that defendant was guilty of and in complicity with the original taking of the stolen cow, and that if defendant received the cow after the felonious taking, whether in good or bad faith, he was not guilty of larceny *held* properly refused as dealing with an abstract, irrelevant proposition.

3. See 17 R. C. L. 52.

4. Power of court to set aside indictment and order resubmission, see note in Ann. Cas. 1918A, 860. See, also, 14 R. C. L. 160.

Criminal Law—Abstract Instructions Inapplicable to Facts are Reversible Error Where They Appear Prejudicial.
7. Abstract instructions inapplicable to the facts in the case at bar are reversible error where they appear to be prejudicial, though they are a correct statement of the law.

Criminal Law, 16 C. J., p. 936, n. 75, p. 1063, n. 85; 17 C. J., p. 342, n. 97.
Indictments and Informations, 31 C. J., p. 650, n. 69, p. 771, n. 16, p. 776, n. 83, p. 823, n. 36.
Larceny, 36 C. J., p. 810, n. 3, p. 811, n. 9, p. 923, n. 72.

From Wallowa: J. W. KNOWLES, Judge.

In Banc.

On the eighth day of May, 1926, an indictment was returned and filed in the Circuit Court of the State of Oregon for the County of Wallowa, against the appellant, Robert Wright, Sr., and one J. E. Baxter, in which they were jointly indicted for the crime of larceny of a cow.

On motion of the district attorney the said indictment was dismissed by the order of the said Circuit Court and the matter resubmitted to the grand jury of said county, and on the fifth day of November, 1926, an indictment was returned and filed in the said Circuit Court against the appellant Robert Wright, Sr., and one J. E. Baxter, in which they were jointly indicted for the crime of larceny and which indictment, omitting title and venue, reads as follows, to wit:

"Robert Wright, Sr., and J. E. Baxter, are accused by the grand jury of the county of Wallowa by this indictment of the crime of larceny committed as follows:

"The said Robert Wright, Sr., and J. E. Baxter, on the 5th day of May, 1926, in the said county of

7. See 14 R. C. L. 782.

Wallowa and state of Oregon, then and there being, did then and there wilfully, unlawfully and feloniously take, steal and drive away certain personal property, to-wit, one certain cow, the said cow being then and there, property belonging to the estate of J. M. Mitchell, deceased, and having a value in excess of $35.00, contrary to the statutes in such cases made and provided, and against the peace and dignity of of the state of Oregon."

To this indictment the appellant herein demurred, setting forth five grounds, all of which were overruled by the lower court. Thereafter a motion was filed to require the state to make the indictment more definite and certain, which motion was overruled.

Thereafter, on the twenty-fourth day of November, 1926, a trial of the defendant and appellant, Robert Wright, Sr., was had upon the said indictment, and the defendant was found guilty and sentenced to serve two years imprisonment in the state penitentiary. From the said judgment and sentence, defendant has appealed.                              AFFIRMED.

For appellant there was a brief and oral argument by *Mr. J. A. Burleigh.*

For respondent there was a brief and oral arguments by *Mr. Max Wilson* and *Charles J. Shelton.*

BEAN, J.—At the outset it is urged that the indictment is bad because it charges two crimes, to wit: Larceny of personal property, under Section 1947, Or. L., and also larceny of a cow, under Section 1950, Or. L. Section 1947, Or. L., under which the indictment was brought, reads as follows:

"If any person shall steal any goods or chattels, * * which is the property of another, such person

shall be deemed guilty of larceny, and upon conviction thereof, if the property stolen shall exceed in value $35, shall be punished by imprisonment in the penitentiary not less than one nor more than ten years; but if the property stolen shall not exceed the value of $35, such person, upon conviction thereof, shall be punished by imprisonment in the county jail not less than one month nor more than one year, or by fine not less than $25 nor more than $100.''

Section 1950, dealing more particularly with the larceny of animals, provides that if any person shall commit the crime of larceny by stealing any of certain classes of animals, including a cow, such person, upon conviction thereof, shall be punished by imprisonment in the penitentiary for a term of not less than one nor more than ten years, and also provides for lesser penalties.

1, 2. The allegation in the indictment of the value of the cow did not reduce or raise the offense: *State v. Brinkley,* 55 Or. 134 (104 Pac. 893, 105 Pac. 708). Where, as in this state, the Code has so many sections dealing with the crime of larceny, it may easily be seen how an indictment drawn under one section of the Code might embrace some of the terms of a different section. It is, in fact, not difficult to conceive of a case where it would be impossible to draw an indictment under one section of the Code without necessarily including offenses set out in another section. The question is, Would this fact alone render the indictment demurrable? We think not: *State v. Laundy,* 103 Or. 443 (204 Pac. 958, 206 Pac. 290). Joyce on Indictments (2 ed.), Section 564, has this to say on the subject:

''If the description of one offense when complete necessarily implies or includes another, there is no

repugnancy created which renders their joinder in the same count improper. And as a general rule the fact that in describing an offense a part of the facts stated are descriptive of another offense does not render the indictment subject to the objection that it charges two offenses, and the words charging the minor offense may be treated as surplusage.''

Appellant's demurrer to the indictment sets forth five grounds wherein it is asserted faulty. We have taken note of but one of these, as we consider the others without merit.

3. Error is assigned because of the overruling of a motion to make the indictment more definite and certain. As we have indicated, there was only one crime charged; therefore the motion was properly overruled. The indictment follows the words of the statute, and since it sufficiently informs the defendant of the crime charged against him we think that the court was correct in so holding.

4. It is contended on behalf of defendant that the trial court was not authorized to resubmit the case to the grand jury. Under the provisions of Section 1484 et seq., Or. L., the trial court is authorized, when it sustains a motion of defendant to set aside an indictment, or on motion of the district attorney, to resubmit the case to the same grand jury that found the first indictment or to another grand jury. An order to set aside an indictment, as provided in Chapter VIII, Title XVIII of the Code, is no bar to a further prosecution for the same crime: See Section 1488, Or. L. The point contended for is not well taken.

Appellant assigns eleven errors relative to the instructions given by the court to the jury. We have examined these carefully and have concluded that

no error was committed; that the case was plainly and fairly submitted to the jury.

5. Defendant assigns error of the court in refusing to give the following instruction requested by defendant:

"I instruct you, gentlemen of the jury, that before you can convict this defendant on trial, you must believe beyond a reasonable doubt from the evidence in this case, that he is guilty of or in complicity with the original taking and any subsequent connection after the taking would not be larceny in him, whether in good or bad faith; and if you believe that this defendant received the cow in question from J. E. Baxter, or any other property, after the felonious taking, whether in good or bad faith, he is not guilty of larceny, and you must acquit him, and return a verdict of not guilty."

The court's charge to the jury fully covered the request, by the use of the following language, viz.:

"I instruct you gentlemen of the jury, that if you find from the evidence in this case, that the defendant on trial secured the possession of the animal alleged in the indictment by trade or purchase after the same had been stolen, if you find that said animal had been stolen, from one who claimed to be the owner thereof, and that the defendant did not participate in the original taking of the same, you should find the defendant not guilty."

A reading of the entire testimony shows evidence sufficient to be submitted to the jury and for that reason the motion for a directed verdict was properly overruled.

Since there is no material error in the proceedings of the court below the judgment of the conviction entered therein is affirmed.    AFFIRMED.

Rehearing denied September 6, 1927.

ON PETITION FOR REHEARING.

(259 Pac. 298.)

For the petition, *Mr. J. A. Burleigh.*

*Contra, Mr. Charles J. Shelton* and *Mr. Max Wilson,* District Attorney.

COSHOW, J.—6. Defendant urges in his petition for a rehearing that the court erred in refusing to give the following instruction requested by him:

"I instruct you, Gentlemen of the Jury, that before you can convict this defendant on trial, you must believe beyond a reasonable doubt from the evidence in this case, that he is guilty of or in complicity with the original taking and any subsequent connection after the taking would not be larceny, whether in good or bad faith; and if you believe that this defendant received the cow in question from J. E. Baxter, or any other party after the felonious taking, whether in good or bad faith, he is not guilty of larceny and you must acquit him, and return a verdict of not guilty."

7. The requested instruction is taken from *State v. Hill,* 63 Or. 451, 460 (128 Pac. 444). In that case this court held it to be error to refuse to give the instruction as requested. This court in the instant case in its opinion rendered July 5, 1927, held that the court did not err in refusing to give the requested instruction. Defendant very plausibly insists in his petition for rehearing that if it was error to refuse to give the requested instruction in the Hill case it was also error to refuse to give it in the instant case. The distinction between the two cases is not broad. There is a distinction, however. It

must be remembered that instructions to a jury must apply the law to the particular case. An instruction properly given in one case may not be applicable in a very similar case. This court has repeatedly held that abstract instructions, though correct in law, when not applicable to the facts in the case at bar constitute reversible error where they appear prejudicial. In the Hill case the two defendants jointly indicted were brothers. They had been engaged in business as partners from their boyhood. The appellant lived some 40 miles from where the mares were stolen and still farther from the Hill ranch where his co-defendant had the horses in his possession. The appellant Hill did not pretend that he had bought the horses alleged to be stolen but had received them from his brother and co-defendant and was keeping them for him. Under this state of facts it was held by the learned justice in writing the opinion in the Hill case that the element of good faith on the part of appellant was involved. A comparison of the instruction requested and the one given in the Hill case reveals that the element of good faith was omitted from the instruction given and "he himself did not assist and abet in such felonious taking" was substituted. The gist of the decision of the Hill case, so far as applicable to the requested instruction is concerned, is that under the peculiar circumstances in that case the court should have given the instruction as requested in order that it might be made clear to the jury that the appellant-defendant should not be convicted of larceny because he was a brother and partner with his co-defendant. Appellant's good or bad faith in receiving the horses was not material evidence of his participation in the original taking. He might have received the horses to pro-

tect his brother. That act would not make him guilty of larceny, but it would be evidence of bad faith.

In the instant case the appellant claims to have bought the animal alleged to have been stolen from his co-defendant. The court very correctly and thoroughly instructed the jury on that phase of the defense. The instruction as given is as follows:

"I instruct you, Gentlemen of the Jury, that if you find from the evidence in this case, that the defendant on trial secured the possession of the animal alleged in the indictment by trade or purchase after the same had been stolen, if you find that said animal had been stolen, from one who claimed to be the owner thereof, and that the defendant did not participate in the original taking of the same, you should find the defendant not guilty."

It correctly states the law and covers every element of the law applicable to the case which is included in the requested instruction. The opinion in the Hill case goes to the extreme in holding the court in that case erred in refusing to give the requested instruction, and the ruling should not be extended. In the instant case the good faith of appellant is not involved. To have given the instruction as requested would have been to instruct on an abstract irrelevant element of law.

Petition denied.            REHEARING DENIED.