Argued January 7, affirmed March 10, petition for rehearing
denied April 13, 1971

COLWELL ET UX, *Respondents, v.*
CHERNABAEFF ET AL, *Appellants.*

482 P2d 157

*Glenn D. Ramirez,* Klamath Falls, argued the cause and filed a brief for appellants.

*J. Anthony Giacomini,* Klamath Falls, argued the cause for respondents. With him on the brief was Stanley C. Jones, Jr., Klamath Falls.

DENECKE, J.

The defendants are attempting to appeal from a default decree of strict foreclosure of a land sale contract. The defendants contend the trial court erred in entering the order of default and the decree and in refusing to set aside the default and decree.

After a hearing defendants' demurrer to plaintiffs' complaint was overruled on May 29, 1969, the defendants were given 10 days "to further plead." Notice of such order was given to defendants' attorney. On June 4, 1969, defendants' attorney served and filed a document captioned, "Notice," in which it was stated that defendants had never been served with any order overruling the demurrer, defendants moved to strike certain paragraphs of plaintiffs' complaint, and requested the taking of the depositions of certain witnesses. On June 26, 1969, plaintiffs filed

a motion asking for an order requiring the defendants to show cause why they should not confess judgment to a decree of strict foreclosure. Such order was issued, setting July 9, 1969, for the show cause hearing, and all the documents were served upon defendants' counsel. The hearing was held at the time set. No one appeared for defendants. The court entered an order of default for defendants' failure to answer and entered a decree of strict foreclosure. On July 15, 1969, defendant Sam Chernabaeff filed a motion to set aside the default. This was denied in February 1970 after a hearing.

■ Defendants cannot appeal from the default decree for the reason that defendants are attempting to appeal from a decree given "for want of an answer" which is not appealable. ORS 19.020.[1]

> "It is settled in this state that while an appeal will lie from a void decree when taken by default, it will not lie from one which is merely voidable or erroneous: *Smith v. Ellendale Mill Co.*, 4 Or. 70; *Trullenger v. Todd,* 5 Or. 36; *Askren v. Squire,* 29 Or. 228 (45 Pac. 779)." *Oregon Lumber & Fuel Co. v. Hall,* 76 Or 138, 140, 148 P 61 (1915).

■ This decree is not void, much less voidable or erroneous. The "motion to strike" contained in the document captioned, "Notice," cannot be considered an "Answer" or an appropriate appearance, which, under the circumstances, would prevent the taking of a default for want of an answer. *Brownell v. Salem Flouring Mills Co.*, 48 Or 525, 87 P 770 (1906); *Multnomah County v. Faling,* 55 Or 45, 104 P 964 (1909). The motion to strike was not responsive to the order

---

[1] ORS 19.020: "Any party to a judgment or decree, other than a judgment or decree given by confession or for want of an answer, may appeal therefrom. * * *."

overruling the demurrer which permitted defendant "to further plead." A motion to strike is not a pleading. ORS 16.030. Furthermore, any defects which could be reached by a motion to strike were waived by demurring to the complaint; therefore, the motion to strike was improper. *Holman v. De Lin*, 30 Or 428, 433, 47 P 708 (1897).

■■ The order denying the motion to set aside the decree was appealable. *Walker v. Clyde*, 206 Or 322, 324, 293 P2d 1083 (1956). The trial court, however, had ample grounds to decide that the motion should be denied because the decree was not taken through "mistake, inadvertence, surprise or excusable neglect." ORS 18.160. The defendants' attorney was given proper timely notice of the hearing on plaintiffs' motion to take a decree and defendants and their attorney failed to personally appear or to file an answer.

Affirmed.